**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LOOMIS SAYLES TRUST COMPANY, LLC, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CITIGROUP GLOBAL MARKETS INC.<br><br>      Defendant. | Civil Case No. 22-cv-6706-LGS<br><br>CIVIL CASE<br>MANAGEMENT PLAN<br>AND SCHEDULING<br>ORDER |

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties **have** conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is **not** governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases?

    b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?

    c. A patent case subject to the Local Patent Rules and the Court's Individual Rules?

    d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?

1

4.       Alternative Dispute Resolution/Settlement

    a.     Settlement discussions **have not** taken place.

    b.     Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

              _____

    c.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

              _____

    d.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

              _____

    e.     **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.       No additional parties may be joined after **December 12, 2022** without leave of Court.

6.       Amended pleadings may be filed without leave of Court until **November 18, 2022**.

7.       Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **October 14, 2022**.

8.       Fact Discovery[1]

    a.     All fact discovery shall be completed no later than **March 31, 2023**.

    b.     Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **October 31, 2022**.

---

[1] The discovery deadlines reflected in Paragraphs 8-9 are without prejudice to Defendant's anticipated motion to stay discovery while its anticipated motion to dismiss is pending. (*See* Dkt. Nos. 18 & 19.) Plaintiff opposes any such stay of discovery (*see* Dkt. No. 23).

      c.    Responsive documents shall be produced by **February 17, 2023, with rolling document productions to begin by November 18, 2022**.
Do the parties anticipate e-discovery? **Yes**

      d.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by **January 31, 2023 for interrogatories served pursuant to Local Civil Rule 33.3(a)-(b); and March 1, 2023 for interrogatories served pursuant to Local Civil Rule 33.3(c)**.

      e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by **March 31, 2023**.

      f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by **January 31, 2023**.

      g.    **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

      a.    Anticipated types of experts if any: **Liability, industry, damages. Defendant also reserves its right to offer expert testimony in support of its anticipated opposition to Plaintiff's motion for class certification. While Plaintiff contends that expert testimony is not needed to resolve the motion for class certification, Plaintiff reserves its right to rebut any expert testimony offered by Defendant in its opposition to Plaintiff's motion for class certification**.

      b.    If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than **June 30, 2023**.

      c.    Expert report(s) of the party with the burden of proof shall be due on **May 1, 2023**. The opposing party's expert report(s) shall be due on **May 31, 2023**. All expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case **is** to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is **5 days**.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    (1) Defendant's anticipated motion to dismiss;

    (2) Defendant's anticipated motion to stay discovery pending resolution of the anticipated motion to dismiss; and

    (3) Plaintiff's anticipated motion for class certification.

13. Status Letters and Conferences

    a. ~~By **December 5, 2022**~~ On December 5, 2022, and February 5, 2023, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b. By **April 14, 2023**, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On ~~**July 28, 2023**~~ July 19, 2023, at 4:10 p.m. at _____, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: ~~October 5, 2022~~ October 27, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

*/s/ Matthew C. Baltay*
Matthew C. Baltay (*pro hac vice*)
Dean Richlin (*pro hac vice*)
Natalie F. Panariello (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210

Stephen P. Younger
Leah S. Rizkallah
Amanda Coleman
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, NY 10019

*Counsel for Plaintiff Loomis Sayles Trust Company, LLC*

*/s/ Michael A. Paskin*
Michael A. Paskin
Helam Gebremariam
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212)-474-1000
Facsimile: (212)-474-3700
mpaskin@cravath.com
hgebremariam@cravath.com

*Counsel for Defendant Citigroup Global Markets Inc.*