UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOOMIS SAYLES TRUST COMPANY, LLC,
Individually and on behalf of all others similarly
situated,

                      Plaintiff,

v.                                                  Civil Case No. 22-cv-6706-LGS

CITIGROUP GLOBAL MARKETS INC.

                      Defendant.

**DEFENDANT CITIGROUP GLOBAL MARKETS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF LOOMIS SAYLES TRUST COMPANY, LLC'S CLASS ACTION COMPLAINT**

# REQUEST FOR JUDICIAL NOTICE

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Evidence 201, Defendant Citigroup Global Markets Inc. hereby requests that the Court take judicial notice of the following document in support of Defendant's Motion to Dismiss Plaintiff Loomis Sayles Trust Company, LLC's ("LSTC") Class Action Complaint ("Complaint"). The exhibit reference corresponds to the exhibits attached to the Declaration of Helam Gebremariam ("Gebremariam Decl.") filed concurrently herewith:

**Exhibit 4:** True and correct copy of a New York Stock Exchange ("NYSE") Regulatory Memo, NYSE RM 22-04, regarding "QUARTERLY EXPIRATION DAY – March 18, 2022", dated March 14, 2022, available at https://www.nyse.com/publicdocs/nyse/markets/nyse/rule-interpretations/2022/Quarterly%20Expiration%20IM%20Q1%20-%2022%20-%20Final%20-%20Corrected.pdf.

## I. ARGUMENT

Federal Rule of Evidence 201 permits the Court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned". Fed. R. Evid. 201(b). Rule 201(c) further provides that the court "must take judicial notice if a party requests it", so long as the court is "supplied with the necessary information" to show that requested document is subject to judicial notice.

Exhibit 4 is a true and correct copy of a memorandum published by NYSE Regulation, the body responsible for monitoring and enforcing compliance with NYSE's rules.[1] The memo contains information regarding certain NYSE rules and policies in effect on March 18, 2022 and

---

[1] *See* https://www.nyse.com/regulation.

was published on March 14, 2022 on NYSE Regulation's publicly accessible webpage (https://www.nyse.com/regulation/rule-interpretations).

The contents of Exhibit 4—a matter of public record distributed by NYSE Regulation—are not "subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, LSTC itself cited to and quoted from Exhibit 4 in its Complaint. *See* Dkt. No. 1 at ¶ 59 n.3; *see also Gissen v. Endres*, 739 F. Supp. 2d 488, 496 n.2 (S.D.N.Y. 2010) (taking judicial notice of documents incorporated into the Complaint by reference). Moreover, courts regularly take judicial notice of the public rules of financial regulatory organizations, as well as the publications and records of those organizations. *See In re Turquoise Hill Resources Ltd. Sec. Litig.*, No. 20-cv-08585 (LJL), 2022 WL 4085677, at *20 n.10 (S.D.N.Y. Sept. 2, 2022) ("The Court takes judicial notice of the NYSE Listed Company Manual under Rule 201(b) and 201(d) of the Federal Rules of Evidence."); *Olagues v. Perceptive Advisers LLC*, No. 15-cv-1190 (AJN), 2016 WL 4742310, at *2 (S.D.N.Y. Sept. 9, 2016) ("The Court may also take judicial notice of the public rules of the Options Clearing Corporation ('OCC') and the Financial Industry Regulatory Authority ('FINRA') under Federal Rule of Evidence 201."), *modified on other grounds*, 2017 WL 3605511 (S.D.N.Y. July 26, 2017); *Forgione v. Gaglio*, No. 13 Civ. 9061 (KPF), 2015 WL 718270, at *18 (S.D.N.Y. Feb. 13, 2015) ("[T]he Court may take judicial notice of FINRA's registration requirements and the reports in which they are maintained."). Exhibit 4 is no different, given that NYSE Regulation authored it to discuss its own rules and remind NYSE members of the regulations that would be applicable on March 18, 2022.

## II.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court take judicial notice of Exhibit 4 to the Gebremariam Declaration.

Dated: November 16, 2022

Respectfully submitted,

/s/ Michael A. Paskin
**CRAVATH, SWAINE & MOORE LLP**
Michael A. Paskin
Helam Gebremariam
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
mpaskin@cravath.com
hgebremariam@cravath.com

*Attorneys for Defendant Citigroup Global Markets Inc.*