**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| LOOMIS SAYLES TRUST COMPANY, LLC, individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CITIGROUP GLOBAL MARKETS INC. | ) ) ) |
| Defendant. | ) ) ) |

Civil Case No. 22-cv-6706-LGS

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
**FOR CONFIDENTIAL INFORMATION**

Pursuant to Federal Rule of Civil Procedure 26 and Federal Rules of Evidence 502(d) and (e), plaintiff Loomis Sayles Trust Company, LLC and defendant Citigroup Global Markets Inc., both of whom are named parties to this action (the "Lawsuit"), by and through their respective attorneys, Foley Hoag LLP and Cravath, Swaine & Moore LLP, hereby stipulate and agree that:

1.      The undersigned parties recognize that proprietary and/or confidential business, personal, or financial information, and other matters which could cause competitive or personal injury or damages if such information were disclosed, may be revealed during discovery and in documents produced, deposition testimony, answers to interrogatories, responses to requests for admission, or any other information produced by or on behalf of any party to this Lawsuit or third party (the "Producing Party")[1]  in response to discovery conducted in this case, and in any motions, briefs or other filings with the Court attaching and/or incorporating such information.

_____

[1]  The term "third party" shall include any non-parties from whom discovery is sought or obtained in this Lawsuit.

Therefore, the undersigned parties hereby stipulate and agree that such "Protected Information" (as hereinafter defined) may be identified by any party or third party and disclosed only under the terms and conditions set forth herein. The undersigned parties further stipulate and agree that this Stipulation and Order is intended to expedite and simplify the discovery process, and that the proprietary and/or confidential nature of any document shall not constitute grounds for withholding such document, although such Protected Information may be designated as "Confidential" or "Confidential -- Attorneys Eyes Only" hereunder.

2.    As used herein, "Protected Information" is defined as follows:

(a)    With respect to documents, the portions of any document produced by any party or third party that have been stamped with the word "Confidential," or the words "Confidential -- Attorneys Eyes Only," or otherwise designated confidential by the Producing Party or, with respect to documents produced by third parties, by any party (including all copies, excerpts or summaries thereof or therefrom);

(b)    With respect to deposition testimony, any testimony which is designated as "Confidential" or "Confidential -- Attorneys Eyes Only" by a party or third party or its attorney during the course of the deposition or within thirty (30) days of receipt of the official, hard-copy or electronic deposition transcript (which designations may include any transcripts, excerpts or summaries thereof or therefrom, and exhibits thereto) (the "Transcript Designation Deadline"), provided that the entirety of each deposition transcript shall be treated as Confidential -- Attorneys Eyes Only unless otherwise agreed until the expiration of the Transcript Designation Deadline;

2

(c)     With respect to any answers to interrogatories or responses to requests for admission, any information stamped with the word "Confidential," or the words "Confidential -- Attorneys Eyes Only," or otherwise designated confidential by any party or third party;

(d)     With respect to briefs and other submissions to this Court, any brief or other submission to this Court marked "Confidential" or "Confidential -- Attorneys Eyes Only;"

(e)     For such information produced in a form other than hard-copy documents (including, for example, electronic media) the Producing Party must affix in a prominent place on the exterior of the media a label or sticker stating the confidentiality designation; and

(f)     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced.   During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential" or "Confidential -- Attorneys Eyes Only". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Stipulation and Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Confidential -- Attorneys Eyes Only") as set forth in the preceding paragraphs.

3.      Protected Information may be designated as "Confidential" if the Protected
Information concerns or constitutes (a) confidential business, financial, or personal information;
(b) trade secret, proprietary or other confidential research, development, financial, scientific,
technical, or commercial information, and/or (c) any information, the disclosure of which,
absent this Stipulation and Order, could constitute a violation of any other person or entity's
right of privacy or otherwise violate an obligation of confidentiality that a party or third party
owes to another person or entity. Protected Information designated as "Confidential" may be
disclosed without the consent of the Producing Party or an Order of the Court, only as follows:

(a)      Officers, directors, and employees (including in-house counsel) of the
receiving party, to whom disclosure is reasonably necessary because they
either have responsibility for making decisions dealing directly with the
litigation in this action or are assisting in the prosecution, defense, or
appeal of this Lawsuit;

(b)      To any person who, from the face of the document, appears to have
authored or received a copy of the document designated
"Confidential" or other person who otherwise possessed or knew
the Protected Information contained therein;

(c)      To the undersigned parties' attorneys of record in the Lawsuit, including
persons regularly employed by or associated with such attorneys, such as
administrative assistants and paralegals, who are assisting in this
Lawsuit;

(d)      Subject to the requirement of paragraph 8 *infra*, to persons retained by an
undersigned party or counsel thereto to assist in the preparation of the

Lawsuit, including without limitation consulting or testifying experts, to whom disclosure is reasonably necessary for this litigation;

(e)     Subject to the requirement of paragraph 8 *infra*, to persons expressly agreed to in writing by the Producing Party in accordance with the provisions of paragraph 14 *infra*;

(f)     Subject to the requirement of paragraph 8 *infra*, any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action to whom disclosure is reasonably necessary and only for the purpose of assisting the preparation or examination of the witness, provided such person does not retain any copies of materials designated as "Confidential";

(g)     To this Court, including any appellate court, its support personnel, and court reporters;

(h)     To stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     To any mediators engaged by the parties, and their support staff.

4.     Protected Information may be designated as "Confidential -- Attorneys Eyes Only" if the Protected Information concerns or constitutes sensitive issues of corporate planning, business strategy, or industry competition, and the Producing Party determines that disclosure of the Protected Information to one or more of the parties may create a substantial risk of serious harm or damage to any party or third party. Protected Information designated as "Confidential -- Attorneys Eyes Only" may be disclosed without the consent of the Producing Party or an order of the Court, only as follows:

(a)   To in-house attorneys of the undersigned parties to whom disclosure is reasonably necessary for this litigation;

(b)   To the undersigned parties' attorneys of record in this Lawsuit, including persons regularly employed by or associated with such attorneys, such as administrative assistants and paralegals who are assisting in this Lawsuit;

(c)   To any person who, from the face of the document, appears to have authored or received a copy of the document designated "Confidential -- Attorneys Eyes Only";

(d)   Subject to the requirement of paragraph 8 *infra*, to persons retained by an undersigned party or counsel thereto to assist in the preparation of this Lawsuit, including consulting or testifying experts to whom disclosure is reasonably necessary for this litigation;

(e)   Subject to the requirement of paragraph 8 *infra*, to persons expressly agreed to in writing by the Producing Party in accordance with the provisions of paragraph 14 *infra*;

(f)   Subject to the requirement of paragraph 8 infra, any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action to whom disclosure is reasonably necessary and only for the purpose of assisting the preparation or examination of the witness, provided such person does not retain any copies of materials designated as "Confidential -- Attorneys Eyes Only";

(g)   To this Court, including any appellate court, its support personnel, and court reporters;

6

(h)     To stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     To any mediators engaged by the parties, and their support staff.

5.      Except as otherwise set forth herein, Protected Information shall under no circumstances be disclosed to any person or entity other than those specifically identified in paragraphs 3 and 4 *supra* and pursuant to paragraph 8 *infra*. Notwithstanding anything in this Stipulation and Order to the contrary, in the event other parties are added to the Lawsuit, neither the newly-added parties nor their attorneys shall receive Protected Information absent the express written consent of the undersigned parties.

6.      Protected Information produced by a Producing Party may only be used by a party receiving it for the purpose of this Lawsuit and for no other purpose.

7.      Protected Information may include, but is not limited to, trade secrets or other confidential research, development, commercial non-public business or financial information, or personal information of the Producing Party or its employees, officers, directors, elected or appointed officials, agents, representatives, or clients, and any information that is otherwise entitled to protective treatment under Federal Rule of Civil Procedure 26(c)(1). This Stipulation and Order shall not apply to any documents, or information contained therein, that are available publicly, unless the documents, or information contained therein, have been made publicly available through a violation of this Order.   Nothing in this Stipulation and Order shall limit the right of a party to use documents or information obtained from any source independent of either production by a party to this litigation or production by a third party pursuant to a subpoena in this litigation, but only if the source obtained the information lawfully while under no obligation of confidentiality to the Producing Party.

8.      Notwithstanding anything in this Stipulation and Order to the contrary, persons to whom access to Protected Information designated by another party or third party is provided pursuant to paragraphs 3(d), 3(e), 3(f), 4(d), 4(e) or 4(f) *supra*, or paragraph 14 *infra,* shall, prior to gaining access to such Protected Information, review this Stipulation and Order and shall execute an Acknowledgement of Stipulation and Order in the form of Exhibit A. Counsel obtaining an executed copy of Exhibit A shall retain the original until the conclusion of this action, including any and all appeals and shall provide copies of same to the other party(ies) upon request.

9.      Protected Information shall at all times during the Lawsuit be maintained in the utmost confidentiality. Upon conclusion of this Lawsuit (including all appeals thereof), Protected Information shall be destroyed or returned to the Producing Party (along with all copies, excerpts or summaries thereof or therefrom) within 60 days of the entry of final judgment, including all appeals. A party shall certify to the destruction or return of Protected Information at the request of the Producing Party. Nothing in this paragraph, however, shall preclude counsel from retaining pleadings, transcripts, exhibits, responses, notes and memoranda, and other material archived as part of their case and client files. Any such archived materials that contain or constitute Protected Information shall remain subject to this Stipulation and Order.

10.     Protected Information (regardless of how it is communicated) including, but not limited to, all documents, testimony (deposition or otherwise), or other material that refers, reflects or otherwise discusses Protected Information, shall not be used, directly or indirectly, by any person, including experts, for any business, commercial or competitive purpose, or for any purpose whatsoever other than the litigation, preparation, trial and appeal of this Lawsuit.

8

11.     Nothing herein shall be deemed to restrict in any way any party or its attorneys with respect to its own documents.

12.     In the event that any party objects to the characterization of any information as Protected Information (the "Challenging Party"), it shall first attempt to seek prompt resolution of the dispute informally with the Producing Party. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Producing Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulation and Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. In the event the dispute remains unresolved, the objecting party may submit such dispute to the Court for resolution pursuant to Rule III.C.3 of Judge Schofield's Individual Rules and Procedures ("Judge Schofield's Rules"). Protected Information that is subject to a dispute as to the degree of disclosure allowed or as to whether it is in fact properly designated as "Confidential" or "Confidential -- Attorneys Eyes Only", shall, until further order of the Court, be treated as "Confidential" or "Confidential -- Attorneys Eyes Only," as the case may be, in accordance with the provisions of this Stipulation and Order notwithstanding the existence of such dispute.

13.     Nothing in this Stipulation and Order shall bar or otherwise restrict any attorney

from rendering advice to his or her client with respect to the Lawsuit and, in the course thereof, from generally referring to or relying upon his or her examination of Protected Information.

14.     Any party who desires to disclose Protected Information to an individual other than those set forth in paragraphs 3 and 4 *supra* (the "Requesting Party") shall make said request to the Producing Party and thereafter, the Requesting and Producing Parties, through their attorneys of record, shall meet and confer (by telephone or otherwise) to attempt to resolve the request. Any resolution shall be set forth in writing and signed by both the Requesting Party and the Producing Party. In the alternative, the request and agreement may be set forth in the transcript of a deposition taken in this action. In the event the dispute is unresolved, the Requesting Party may seek appropriate relief from the Court in accordance with the procedures and deadlines set forth in paragraph 12 *supra*.

15.      If an undersigned party submits designated Protected Information to the Court, such information may be filed under seal only as provided in Rules I.D.2 and I.D.3 of Judge Schofield's Rules, and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

16.     If an undersigned party intends to disclose designated Protected Information in court at any pretrial hearing open to the public, or at trial, the issues of whether and to what extent any such disclosure may be made shall be governed by applicable law or order of the Court. The party intending to disclose designated Protected Information in such instance shall confer with the other party/parties and, to the extent resolution is not reached, seek, to the extent permissible under applicable law, court rules, and court orders, to maintain the confidentiality of the designated Protected Information or, with advance notice to the other party/parties and an opportunity to be heard, request Court leave to so disclose free of such designation.

10

17.     No party or third party shall make or permit the making of more copies of any Protected Information than are reasonably necessary for the conduct of the Lawsuit.

18.     In the event anyone covered or bound by this Stipulation and Order (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he, she or it is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking Protected Information which was produced or designated as "Confidential" or "Confidential -- Attorneys Eyes Only," that person or party shall (a) give prompt written notice of such to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure; and (b) promptly notify in writing the party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and Order. Such notification shall include a copy of this Stipulation and Order. A person or party subpoenaed or served with the demand or other process shall be obligated to cooperate with the Producing Party to the extent necessary for the Producing Party to preserve the confidentiality of the Protected Information. If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Confidential -- Attorneys Eyes Only" before a determination by the Court from which the subpoena or order is issued, unless the Party has obtained the Producing Party's permission. Nothing herein shall be construed as requiring the responding party or anyone else covered or bound by this Stipulation and Order to challenge or appeal any order requiring production of Protected Information or to subject itself to any penalties for noncompliance with any legal process or order.

19.     The Stipulation and Order shall survive the final conclusion of the Lawsuit and

11

shall continue in full force and effect.

20.     Nothing contained in this Stipulation and Order or any designation of confidentiality hereunder or any failure to make such designation shall be used or characterized by any party as an "admission" by a party or party opponent. Further, any party shall have the right to seek judicial relief from this Stipulation and Order, including without limitation the entry of an order modifying this Stipulation and Order or terminating a party's obligation to comply with all or any of its terms. Any party seeking such judicial relief shall bear the burden of proof.

21.     Inadvertent failure to designate information as Protected Information at the time of production may be remedied by supplemental written notice given by the Producing Party at any time before the termination of this Lawsuit. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be fully subject to this Stipulation and Order as if they had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation.

22.     Each person who has access to Protected Information designated as "Confidential" or "Confidential -- Attorneys' Eyes Only" pursuant to this Stipulation and Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such materials.

23.     In the event of a disclosure of any Protected Information to a person not authorized to have had such disclosure made to them under this Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party shall immediately inform in writing counsel for the Producing Party

whose Protected Information has thus been disclosed of all relevant information concerning

the nature and circumstances of such disclosure. The responsible party also shall use its best

efforts to promptly retrieve the Protected Information and to ensure that there is no further or

greater unauthorized disclosure of the Protected Information, including informing the

recipients of the unauthorized disclosures of the terms of this Stipulation and Stipulation and

Order and requesting that the recipients execute the attached Acknowledgment.

24.      Nothing in this Stipulation and Order shall waive, prejudice, compromise, or

otherwise affect any matter of attorney-client privilege, work product protection, or any other

privilege, protection, or immunity, which matters shall be governed by the applicable law of

privilege, protection, or immunity. Nor shall anything in this Order be construed as a ruling

regarding the admissibility at trial of any document, testimony or other evidence.

25.      Pursuant to Federal Rules of Evidence 502(d) and (e) and Judge Schofield's

Rule II.A.2, except when a party intentionally waives attorney-client privilege or work

product protection by disclosing such information to an adverse party as provided in Fed. R.

Evid. 502(a), production of any materials which a Producing Party later claims in good faith

should not have been produced because of an immunity, privilege, or other legal protection,

including but not limited to the attorney-client privilege and/or work product doctrine, will

not be deemed to have waived any privilege, immunity, or other legal protection. The

Producing Party may request the return of any such produced discovery materials. A request

for the return of materials shall identify the materials produced and the basis for withholding

them from production. If a Producing Party requests the return, pursuant to this paragraph, of

any produced material, such material and all copies or summaries thereof shall be returned to

the Producing Party within five (5) days or completely destroyed. The party returning such

materials (the "Returning Party") shall provide a certification of counsel that all such disclosed materials (including copies or summaries of such material) have been returned or completely destroyed and shall not use such items for any purpose until further order of the Court. Within fifteen (15) business days of the certification that the disclosed materials have been returned or destroyed, the Producing Party shall produce a privilege log with respect to the disclosed materials. The Returning Party may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact or circumstance of production.

26.     Any notice required under paragraphs 2(b), 12, 17, 20 or 22 of this Stipulation and Order shall be delivered by hand, by fax or by electronic mail as a .pdf file. Computation of all time periods under this Stipulation and Order shall be in accordance with Federal Rule of Civil Procedure 6 and Local Rule 6.4.

27.     Subject to paragraph 1 *supra*, nothing in this Stipulation and Order shall constitute a waiver by any party of the right to assert any objection to another party's discovery requests. The undersigned parties reserve the right to make all such objections.

28.     After this Stipulation and Order has been signed by counsel for the parties to this Lawsuit, it shall be promptly presented to the Court for entry.   Counsel agree to be bound by the terms set forth herein once signatures to this Stipulation and Order are exchanged prior to the time the Court enters this as an order, including, without limitation, with respect to materials designated "Confidential" or "Confidential -- Attorneys Eyes Only" that have been produced prior to the time the Court enters this as an order.

29.     Notwithstanding anything in this Stipulation and Order to the contrary, upon the Court's entry of this Stipulation and Order in the Lawsuit pursuant to Federal Rule of Evidence

502(d), the terms of paragraph 24 *supra* of the Stipulation and Order shall govern all parties to the Lawsuit, whether or not such parties are signatories hereto.

30.     The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

**REMAINDER OF PAGE INTENTIONALLY BLANK**

SO STIPULATED AND AGREED.

**LOOMIS SAYLES TRUST COMPANY, LLC**
By its attorneys,
/s/ Matthew C. Baltay
Stephen P. Younger
Leah S. Rizkallah
FOLEY HOAG LLP
1301 Avenue of the Americas, 25th Floor
New York, NY 10019
(212) 812-0400

Dean Richlin (*pro hac vice*)
Matthew C. Baltay (*pro hac vice*)
Natalie F. Panariello (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

**CITIGROUP GLOBAL MARKETS INC.**
By its attorneys,
/s/ Michael A. Paskin
CRAVATH, SWAINE & MOORE LLP
Michael A. Paskin
Helam Gebremariam
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
mpaskin@cravath.com
hgebremariam@cravath.com

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to sealed or redacted information in Orders and Opinions.

Dated:   November 18, 2022

SO ORDERED:

Dated: _____November 21_____, 2022

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**