UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
LOOMIS SAYLES TRUST CO., LLC,                 :
                              Plaintiff,      :     22 Civ. 6706 (LGS)
                                              :
            -against-                         :     ORDER
                                              :
CITIGROUP GLOBAL MARKETS, INC.,               :
                              Defendant.      :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, Plaintiff brings this putative class action against Defendant for failure to achieve best execution in connection with trades executed on March 18, 2022, alleging breach of contract and breach of fiduciary duty.

    WHEREAS, on November 18, 2022, Defendant moved to dismiss the Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6).  Defendant argues among other things that it acted pursuant to Plaintiff's instructions and did not have discretion to do otherwise.  To support this argument, Defendant filed a Declaration attaching Bloomberg chat messages, audio files of recorded telephone calls and transcripts of the calls between Defendant and Loomis, Sayles & Company, L.P. ("Loomis"), the sole member of Plaintiff.  The Declaration states that the messages and audio files are true and correct copies, that the transcripts are true and accurate and that no redactions were made to any communications in the messages.  Defendant's memorandum of law argues that these materials are incorporated by reference into the Complaint and thus can be considered in connection with Defendant's motion.

    WHEREAS, Plaintiff's opposition to the motion discusses the exhibits but "without conceding that the exhibits are true, correct, or complete transcripts of the chat and telephone calls."

    WHEREAS, under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule

12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56[,]" provided that the parties have "a reasonable opportunity to present all the material that is pertinent to the motion." *See Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (holding that a "reasonable opportunity" generally requires a district court to "give notice to the parties before converting a motion") (internal quotation marks omitted); *Orient Express Container Co., Ltd. v. Bulb Basics, LLC*, No. 21 Civ. 7752, 2022 WL 4485214, at *6-7 (S.D.N.Y. Sept. 27, 2022) (same). It is hereby

**ORDERED** that Defendant's motion to dismiss is converted to a motion for summary judgment. It is further

**ORDERED** that, by **February 16, 2023**, the parties shall file any and all additional evidentiary material that is pertinent to the motion. The parties are directed to the Court's Individual Rules regarding the submission of affidavits and exhibits in connection with a motion. It is further

**ORDERED** that, by **February 17, 2023,** the parties each may file a letter brief, not to exceed three pages, regarding the motion.

Dated: February 10, 2023
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**