**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LOOMIS SAYLES TRUST COMPANY, LLC, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>CITIGROUP GLOBAL MARKETS INC.<br><br>   Defendant. | Civil Case No. 22-cv-6706-LGS |

## DECLARATION OF KENNETH S. LEONETTI

I, Kenneth S. Leonetti, hereby declare and state:

1. I am a partner at the law firm of Foley Hoag, LLP, with offices located at 155 Seaport Blvd., Boston, MA 02210 and 1301 Avenue of the Americas, 25th Floor, New York, NY 10019.

2. I am counsel to Loomis Sayles Trust Company ("LSTC") in this class action against Citigroup Global Markets Inc. ("Citigroup").

3. I submit this declaration in opposition to Citigroup's as-converted motion for summary judgment.

4. As an initial matter and as explained further in LSTC's pre-motion letter dated February 15, 2022 (Dkt. No. 52), LSTC does not currently have access to the facts necessary and essential to opposing the as-converted motion for summary judgment because discovery in this matter is pending and not yet complete. The outstanding discovery in this matter will provide information crucial to resolving the issues raised by the summary judgment motion, and the Court should not endeavor to resolve the motion before having a full record through complete discovery, which will be completed in just over 4 months.

5. By submitting this declaration and additional evidence by the February 16, 2023 deadline ordered by the Court (Dkt. No.51), LSTC does not admit or acknowledge that it has sufficient facts to oppose summary judgment or that it has had fair and reasonable opportunity to obtain such facts. LSTC maintains that it is only able to fully and fairly oppose the as-converted motion for summary judgment upon completion of discovery. Subject to the foregoing, LSTC is providing the Court with the very limited evidence available to date for the sole purpose of complying with the Court's February 10 order. LSTC expressly preserves its rights and its request for additional discovery pursuant to Rule 56(d), as outlined in its pre-motion letter dated February 15, 2023 (Dkt. No. 52).

6. LSTC should be granted opportunity for additional discovery pursuant to Rule 56(d) prior to resolution of the as-converted motion for summary judgment because it has sought and not yet obtained facts that are reasonably expected to raise a genuine issue of material fact. *See UBS AG v. Greka Integrated, Inc.,* 2022 U.S. App. LEXIS 17598, *6-7, 2022 WL 2297904 (2d Cir. 2022) (To request discovery under Rule 56(d), "a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.").

7. Through pending discovery, LSTC seeks evidence relevant to the as-converted motion for summary judgment regarding: (a) the meaning of the trader shorthand used in the March 18, 2022 communications between Loomis, Sayles & Company, L.P. ("Loomis") and Citigroup; (b) custom and usage in the securities trading industry, which is fundamental to give meaning to the terms of the contractual relationship between Loomis and Citigroup that governed the March 18 Orders; (c) the intent of the parties when they entered into the contractual relationship governing the March 18 Orders; (d) Citigroup's understanding of statements made by Loomis on March 18 and its related obligations; and (e) Citigroup's policies, practices and procedures concerning, among other topics, interpreting, confirming, clarifying, and accepting customers' order instructions; determining when a broker has discretion as to customer orders and exercising such discretion, including as to the order type, size, timing and price for the trades; and the broker's duty of best execution.

8. In particular, LSTC seeks to obtain through discovery the following facts, which are essential to its opposition to summary judgment in this matter:

a. Citigroup employees' understanding of the instructions that Loomis provided for the March 18 Orders and statements made by Loomis either in electronic messages or orally on March 18, 2022. This includes, for example, Joseph Chiomastro's understanding of the following instructions that he received from Nicolas Gagnon of Loomis at or around 2:18 PM on March 18, 2022: "first wave, 33 orders, 1,250,393 shares …. These are all target MOC, can start early as needed. Must complete." It also includes Mr. Chiomastro's understanding of the following instructions that he received from Mr. Gagnon of at or around 2:30 PM on March 18, 2022: "Second wave, 9 orders, 16,738,542 shares. For each of these names, wave out what you think is good for an aggressive MOC piece. Then can trade the rest best way. Crossing vs naturals here or VWAP fine. And/or can be most aggressive near the close …. Give me a call to confirm once ready […] Do not have to be complete on any of the second wave, but will talk you through now[.]"

b. Citigroup's understanding of the nature and scope of its authority to execute trades on behalf of Loomis based on the instructions, including whether Citigroup understood that it had authority to execute any portion of the March 18 Orders as anything other than market-on-close orders.

c. Why Mr. Chiomastro told Loomis on a phone call occurring at or around 2:32 PM that "we are going to do some analysis and pull these nine names and kind of look to see what the expected, uh, Street trade is and see kind of what overlap we have" and "we're going to first do the analysis to kind of see what the expected Street-side trade is and get a better picture of what the liquidity, uh, pool is going to look like."

3

    d. Citigroup's understanding of Mr. Gagnon's statement that "it's your discretion" on the phone call occurring at or around 2:32 PM.

    e. What, if any, analysis or work Citigroup did after receipt of the instructions provided by Mr. Gagnon at or around 2:30 PM on March 18, 2022.

    f. The precise time at which Citigroup acknowledged and accepted the orders from LSTC, including through electronic communications and its execution management system.

    g. The precise time(s) on March 18, 2022 that Citigroup decided to place any portion of the Affected Orders as MOC orders in the New York Stock Exchange closing auction.

    h. Why Citigroup did not place the entirety of the Affected Orders as MOC orders between 2:30 PM and 3:49 PM on March 18, 2022, and why Citigroup used the "pipes" to place these trades and not a floor broker.

    i. The nature of the relationship between an asset manager such as Loomis and a broker such as Citigroup, including the specific roles, responsibilities, expectations, and duties of both parties.

    j. The mechanism through which an asset manager such as Loomis can execute securities transactions through a broker such as Citigroup.

    k. The customs and practices of a broker such as Citigroup in relation to its exercise of discretion, best execution, and use of types of trade options.

    l. A practitioner's interpretation of the trader jargon and shorthand with which the March 18, 2022 communications between Loomis and Citigroup are laden – including, but not limited to, instructions from Loomis to Citigroup to "wave out

what you think is good for an aggressive MOC piece," "trade the rest best way," and "can be most aggressive near the close," and the following question from Mr. Gagnon to Mr. Chiomastro: "looking to complete all except maybe SAM?"

m. Whether there are additional audio recordings similar to internal Citigroup call immediately after the trades on March 18, 2022, in which Citigroup acknowledges its discretion and its fault.

9. LSTC will obtain the above-referenced facts through (a) document production, which is scheduled to be substantially complete on Friday, February 17, 2023; (b) depositions of Citigroup's employees; (c) 30(b)(6) depositions of Citigroup and third-parties including, the New York Stock Exchange and Citadel Securities, LLC (the designated market maker for the Affected Orders), which are to be complete by March 31, 2023; and (c) expert reports, which are to be submitted on May 1, 2023, and expert depositions, which are to be complete by June 30, 2023.

10. LSTC has already sought production of documents through its First and Second Set of Requests for Production, which it served on Citigroup on October 18, 2022 and January 17, 2023, respectively. These requests seek, among other information: (i) "[a]ll Documents and Communications concerning the March 18 Orders and/or the Affected Orders, including but not limited to documents and communications related to the order instructions"; (ii) "[a]ll Documents and Communications concerning Citigroup's relationship with Loomis and/or LSTC for the time period from January 1, 2021 through December 31, 2022"; and (iii) "[a]ll Documents and Communications concerning Citigroup's policies, practices, procedures, protocols, programs, or training materials related to (a) exercising discretion as broker in executing trade orders, including but not limited to discretion as to the order type, size, timing,

5

and price; [and] (b) receiving, interpreting, understanding, confirming, or communicating trade instructions, including any glossaries or definition of terms...."

11. LSTC will also obtain necessary facts through timely depositions of Citigroup employees familiar with the March 18 Orders, including:

    a. **Joseph Chiomastro** (Portfolio Sales Trading) – Citigroup broker who communicated with LSTC regarding the March 18 Orders, bound Citigroup as agent, and whose intent and understanding of the trading instructions and Citigroup's resulting obligations is crucial to the issues presented by the motion.

    b. **Nick Gulden** – (Director, Execution Advisory Services) – Citigroup employee who provided Loomis with information concerning how Citigroup goes about trading on special liquidity days and how it approaches trading near or in the closing auction on such days.

    c. **Charles O'Connell** (Head of U.S. Portfolio Trading) – Citigroup supervisor ultimately responsible for overseeing the March 18 Orders and whose understanding of the trading instructions and Citigroup's resulting obligations is crucial to the issues presented by the motion.

    d. **David Xiao** (US Equity Models Trading) – Citigroup employee who conducted liquidity analysis in connection with the March 18 Orders and whose understanding of the reasons for conducting such analysis as well as Citigroup's obligations related to such analysis is pertinent to the issues before the court.

    e. **Derek Brown** (Head of Equities Cash Trading) – Citigroup supervisor who had discussions with multiple Citigroup employees regarding the March 18 Orders and the results of those and who will likely provide critical facts regarding

Citigroup's understanding of the instructions provided by Loomis and its obligations concerning the March 18 Orders.

    f. **Richard Buckley** (SVP, Senior Compliance Officer) – Citigroup compliance executive who was involved in after-the-fact discussions regarding the March 18 Orders and who will likely provide relevant information on how the order instructions were understood by Citigroup and how the orders were managed.

12. LSTC will obtain further information concerning these facts through the experts who will provide evidence regarding, among other things, custom and practice in the trading industry; the meaning of the trader jargon used in the March 18 communications between Loomis and Citigroup; the nature of the relationship between an asset manager and broker, including the relative roles, responsibilities, experience and expertise.

13. The above-referenced facts are reasonably expected to raise a genuine issue of material fact regarding: (a) the time at which Loomis and Citigroup entered into a contract; (b) the terms and scope of the contract between Loomis and Citigroup that governed the March 18 Orders; (c) Citigroup's intent when it accepted the March 18 Orders; (d) Citigroup's understanding of Loomis's intent and objectives when it provided Citigroup with the instructions contained in the March 18 communications; (e) the nature and scope of Citigroup's authority to execute the March 18 Orders on behalf of LSTC; (f) Citigroup's understanding of its duties and obligations in connection with the March 18 Orders; and (f) if and when Citigroup took on the duty of best execution.

14. LSTC has made reasonable efforts to obtain the above-referenced facts through discovery by propounding discovery requests of Citigroup, beginning to prepare to depose

Citigroup employees familiar with the March 18 Orders and beginning to identify experts in advance of the May 2023 expert disclosure deadline.

15. To date, LSTC's efforts to obtain the necessary facts have been unsuccessful because discovery is not complete. For example, Citigroup has not yet completed its production of documents in response to LSTC's First and Second Set of Requests for Production. To date, Citigroup has produced 1,473 documents, 1,235 of which are re-productions of documents that Citigroup provided to the Securities and Exchange Commission. LSTC has also not had sufficient opportunity to review entirely even those documents produced by Citigroup to date because its efforts and resources have been focused on complying with the Court's February 17, 2023 deadline for completing document production.

16. Moreover, LSTC has had no opportunity to depose Citigroup employees familiar with the March 18 Orders, nor has it had opportunity to adduce all the necessary expert evidence.

17. LSTC will have the facts necessary and essential to its opposition for summary judgment only after completion of discovery (i.e., June 30, 2023) pursuant to the Court's Civil Case Management Plan and Scheduling Order dated October 27, 2023.

18. Subject to the foregoing, in addition to the documents and exhibits already before the Court, attached hereto as Exhibit A is a true and accurate certified transcription created by Gregory Edwards, LLC of a recorded internal telephone call among Citigroup employees. The corresponding native audio file was produced by Citigroup in this litigation with the Bates number CGMI_00017060 and with the designation "Confidential."

19. To the best of my knowledge, the participants on the telephone call transcribed at Exhibit A are Joseph Chiomastro (Portfolio Sales Trading), Charles O'Connell (Citigroup Head of U.S. Portfolio Trading), and Derek Brown (Citigroup Head of Equities Cash Trading).

However, LSTC has sought and not yet received a complete list of participants through a pending interrogatory, to which Citigroup has not yet responded.

20. To the best of my knowledge, the telephone call transcribed at Exhibit A occurred on March 18, 2022 sometime after 4:00 PM EDT. However, LSTC has not yet had the opportunity to obtain the precise or approximate time of the telephone call and plans to seek this information through pending discovery, including depositions of the call participants.

21. The transcript at Exhibit A identifies the speakers only as "Speaker 1," "Speaker 2," etc. because LSTC has not yet had the opportunity to verify the identities of the speakers and plans to seek this information through pending discovery, including depositions of the call participants.

22. A true and correct copy of the corresponding audio file of the recording as produced by Citigroup has been submitted to the Court and counsel for Citigroup via email.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 16th day of February, 2023

                                             */s/ Kenneth S. Leonetti*
                                             Kenneth S. Leonetti