

155 Seaport Blvd.
Boston, MA 02210

617.832.1000 main

Matthew C. Baltay
617-832-1262
mbaltay@foleyhoag.com

March 13, 2023

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Loomis Sayles Trust Company, LLC v. Citigroup Global Markets Inc.*,
      Case No. 22-cv-6706-LGS

Dear Judge Schofield:

  Pursuant to Rules III.C.3 and III.A.1 of Your Honor's Individual Rules and Procedures for Civil Cases, Plaintiff Loomis Sayles Trust Company, LLC ("LSTC") respectfully requests a pre-motion conference in connection with its anticipated motion to compel pursuant to Fed. R. Civ. P. 37(a) with respect to Defendant Citigroup Global Markets Inc.'s ("Citigroup") refusal to produce discoverable information relating to the activities of Joseph Chiomastro on March 18, 2022. LSTC's complaint is that Mr. Chiomastro and Citigroup failed to achieve best execution on March 18, 2022. LSTC has asked for Mr. Chiomastro's communications on March 18 to determine what he was doing other than, or in addition to, overseeing the trades for LSTC and the Class. The material is discoverable, tightly cabined to a single day, and should be produced. Citigroup categorically refuses. With depositions commencing and this information needed for the prosecution of this case, LSTC respectfully submits this letter.

  On January 17, 2023, LSTC served its Second Set of Requests for Production on Citigroup (LSTC's "Second Requests"). LSTC's Request for Production No. 4 seeks the communications of Joseph Chiomastro, the Citigroup trader at the heart of LSTC's claims, for a single day, March 18, 2022. In its Responses and Objections, Citigroup categorically refused to produce the requested communications on relevance and burden grounds. LSTC promptly sought to meet and confer regarding the Second Request, and the parties conferred by telephone. Following this, Citigroup still refused to produce the material. LSTC proposed several compromises to resolve the parties' dispute related to the Request. Despite LSTC's efforts to reach compromise, Citigroup has maintained its categorical refusal to produce the requested communications.

Hon. Lorna G. Schofield
March 13, 2023
Page 2

      Mr. Chiomastro's communications from March 18 are relevant to LSTC's claims. LSTC's claim is that Mr. Chiomastro (and Citigroup) dumped the Affected Orders into the closing auction on March 18 without conducting a proper or meaningful analysis. What Mr. Chiomastro was doing on March 18 is directly relevant to this. For example, it could reveal that he was too busy, overwhelmed by other orders, or otherwise distracted on March 18. Citigroup claims that these communications are "irrelevant" because LSTC has not made any allegations that Mr. Chiomastro was too busy or distracted. That position is without merit. When it framed its Complaint, LSTC did not have a basis to allege what Mr. Chiomastro was doing on March 18; rather, LSTC seeks that information now, legitimately, through targeted discovery. "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues . . . . It is well-established within this Circuit that the rule of discovery will be satisfied if there is any possibility that the information sought to be obtained may be relevant to the subject matter of the action." *MacCartney v. O'Dell*, 2018 U.S. Dist. LEXIS 178650, at \*6-7 (S.D.N.Y. Oct. 16, 2018) (internal quotation marks omitted). Such communications also might reveal how Mr. Chiomastro was dealing with other client trades with similar instructions as given by LSTC. Accordingly, LSTC is entitled to the communications sought by Request No. 4, which are central to understanding how and why Mr. Chiomastro acted as he did with respect to the Affected Orders.

      Citigroup also objects that Request No. 4 is overly broad and unduly burdensome. This objection carries little weight. We have been told that Citigroup has already collected these communications, and the request is targeted to a single day.

      For the foregoing reasons, LSTC requests that the Court require Defendant to comply with its discovery obligations and produce this targeted category of information.

      Respectfully submitted,

      */s/ Matthew C. Baltay*
      Matthew C. Baltay

cc:    Counsel of Record (via ECF)