# CRAVATH

Michael A. Paskin
mpaskin@cravath.com
T+1-212-474-1760
New York

March 16, 2023

*Loomis Sayles Trust Company, LLC v. Citigroup Global Markets Inc.*, No. 1:22-cv-6706-LGS

Dear Judge Schofield:

    Defendant ("CGMI") respectfully submits this letter in response to Plaintiff's ("LSTC") March 13, 2023 letter ("March 13 Ltr.") requesting a pre-motion conference in connection with its anticipated motion to compel (Dkt. 75).  LSTC's request should be denied.

    LSTC omits nearly the entire context concerning the parties' negotiations regarding the scope of discovery in this case and the resulting agreements reached, including the agreed-upon search protocols that were applied to the electronically stored information ("ESI") of custodians, including Mr. Chiomastro.  In October 2022, LSTC's original document requests sought several categories of potentially relevant discovery concerning Loomis's March 18, 2022 orders ("March 18 Orders"), including, for example, all documents and communications concerning the March 18 Orders and all documents and communications concerning the allegations in the Complaint. (*See* Plaintiff's First Set of Requests for Production, Nos. 1, 11.) The parties then met and conferred extensively to negotiate the scope of document discovery, covering four telephonic sessions and numerous emails.  Ultimately, the parties reached agreement on the relevant custodians and the search protocols to be used to collect potentially responsive ESI.  Of course, Mr. Chiomastro was one of CGMI's custodians, and pursuant to the agreed-upon protocol, CGMI collected, reviewed and produced all responsive documents. Indeed, for Mr. Chiomastro and three other custodians, CGMI agreed to conduct further metadata searches to ensure it collected and reviewed all potentially responsive emails and Bloomberg chats, regardless of search terms.  CGMI's production includes all relevant and responsive communications resulting from that review.

    LSTC has never once complained that the agreed-upon search protocol was insufficient to collect relevant discovery materials from Mr. Chiomastro or that there were any documents that it would have expected to see in Mr. Chiomastro's files that were not produced. Instead, on January 17, 2023—after the search protocol had been agreed to, after documents had been collected for review, and only one month before the deadline for substantial completion of document production—LSTC served its Second Set of Requests for Production, including the request at issue now (Request No. 4), seeking *all* of Mr. Chiomastro's communications on March 18, 2022, *regardless of their subject matter or whether they have anything to do with the March 18 Orders at issue in this case*.  While LSTC has agreed to limit that request to just a portion of the day on March 18, it has not offered to limit the substantive scope of the request in any way.  Indeed, it is hard to imagine how the scope of this request could be appropriately limited, considering that CGMI has *already* produced all of Mr. Chiomastro's communications related to the issues in the case.  LSTC's current request thus

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

exclusively seeks communications *unrelated* to the March 18 Orders or the allegations in the Complaint, and is instead designed exclusively to obtain confidential and competitively sensitive communications regarding the trading strategies of non-party CGMI clients who had no involvement in the facts underlying the dispute at hand.

Although Rule 26 generally allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case", Fed. R. Civ. P. 26(d)(1), courts have recognized for decades that it "is not a license for unrestricted discovery". *Rattray v. City of New York*, 17-CV-8560 (PGG) (KHP), 2021 WL 5810903, at *1 (S.D.N.Y. Dec. 6, 2021) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("[C]ourts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition . . . .'").[1]

LSTC's request is a classic fishing expedition, and LSTC does not argue otherwise. Rather, LSTC contends that Mr. Chiomastro's communications unrelated to the March 18 Orders are "central to understanding how and why [he] acted as he did" with respect to the March 18 Orders. (March 13 Ltr. at 2.) But LSTC cites no basis for that assertion apart from its speculation that the discovery sought might yield something of interest. That is not the proper standard. *See Rattray*, 2021 WL 5810903, at *2 (rejecting motion to compel all communications between a plaintiff and a witness to show bias as "overly broad and unnecessary"). Indeed, LSTC's offered examples only reinforce that it is grasping for straws.

*First*, LSTC suggests that probing all of Mr. Chiomastro's communications on March 18, 2022 "*could* reveal that he was too busy, overwhelmed by other orders, or otherwise distracted". (March 13 Ltr. at 2 (emphasis added).) But regardless of whether the Complaint alleges that to be the case—which it does not—LSTC now points to nothing in the discovery record to suggest its hypothesis is anything other than guesswork.

*Second*, LSTC wonders whether Mr. Chiomastro's communications unrelated to the March 18 Orders "*might* reveal how [he] was dealing with other client trades with similar instructions as given by LSTC". (*Id.* (emphasis added).) Again, the Complaint contains no such allegations, and LSTC has pointed to nothing in the extensive discovery record to suggest it now has any basis to believe that any other clients provided "similar instructions as LSTC", let alone that Mr. Chiomastro hypothetically may have "dealt with other client trades" differently had he received some set of hypothetical comparable instructions.

Beyond the wholly speculative nature of LSTC's request, the requested communications plainly would include confidential communications between Mr. Chiomastro and other CGMI clients, reflecting competitively sensitive information regarding those clients' trading strategies on a quadruple witching day. LSTC should not be permitted to seek such communications in order to test a theory of what they "could" or "might" show, particularly when it will be able to explore these topics at Mr. Chiomastro's upcoming deposition.

---

[1] Plaintiff relies on *MacCartney v. O'Dell*, No. 14-cv-3925 (NSR), 2018 WL 5023947 (S.D.N.Y. Oct. 17, 2018) for the routine propositions that "discovery is not limited to issues raised by the pleadings" and is permissible if there is "any possibility" that the information sought "may be relevant to the subject matter of the action". (*See* March 13 Ltr. at 2.) But such recitations do nothing to explain why Plaintiff's request here does not exceed the "ultimate and necessary boundaries" of discovery. *Oppenheimer Fund*, 437 U.S. at 351.

        Respectfully submitted,

        /s/ Michael A. Paskin

        Michael A. Paskin

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

VIA ECF

Copies to:

FOLEY HOAG LLP
Matthew C. Baltay (*pro hac vice*)
Dean Richlin (*pro hac vice*)
Kenneth S. Leonetti
Leah S. Rizkallah
Amanda S. Coleman
Natalie F. Panariello (*pro hac vice*)

mbaltay@foleyhoag.com
drichlin@foleyhoag.com
ksl@foleyhoag.com
lrizkallah@foleyhoag.com
acoleman@foleyhoag.com
npanariello@foleyhoag.com