

155 Seaport Blvd.
Boston, MA 02210

617.832.1000 main

June 27, 2023

Matthew C. Baltay
617-832-1262
mbaltay@foleyhoag.com

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
New York, NY 10007

Defendant shall file a letter, not to exceed three pages, in response by **July 7, 2023.** So Ordered.

Dated: June 28, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

    Re:    *Loomis Sayles Trust Company, LLC v. Citigroup Global Markets Inc.*,
           Case No. 22-cv-6706-LGS

Dear Judge Schofield:

    Pursuant to Rule III.A.1 of Your Honor's Individual Rules and Procedures for Civil Cases, Loomis Sayles Trust Company, LLC ("LSTC") respectfully requests a pre-motion conference in connection with its anticipated motion for class certification pursuant to Federal Rule of Civil Procedure 23.

### I.    There Is No Reason to Delay the Decision on Class Certification

    Fact discovery is complete, and Citigroup Global Markets Inc. ("Citigroup") has had the opportunity to seek discovery in connection with class certification. Given this change in circumstances, the time is ripe for LSTC to file its motion for class certification.

    On October 3, 2022, LSTC filed a letter requesting a pre-motion conference in connection with its anticipated motion for class certification. Dkt. 24. LSTC argued in that letter that the class certification decision could be made without the need for discovery. *Id.* Citigroup disagreed, responding that "any motion for class certification should be briefed *after* the close of fact discovery." Dkt. 28 at 1. On November 2, 2022, the Court held a telephonic conference regarding LSTC's anticipated motion and instructed the parties to proceed with discovery. The Court subsequently ordered that "if Plaintiffs believe that discovery has been completed on class certification issues . . . , they may file a pre-motion letter to that effect," including "a statement of the change in circumstances that merits filing the motion at that time." Dkt. 33. The parties completed all fact discovery in April 2023. In Citigroup's own words, it is time to brief LSTC's class certification motion. *See* Dkt. 28 at 1.

    As detailed in the parties' May 5, 2023 joint status letter, the parties spent seven months engaged in extensive discovery. *See* Dkt. 84. LSTC and Loomis, Sayles & Company, L.P. ("Loomis") have produced a total of 84,435 pages in 5,897 documents across nine productions, making a tenth production in response to document and deposition subpoenas served on 16 absent class members. *See id.* LSTC has responded to Requests for Admission from Citigroup, and Citigroup has taken its depositions of the LSTC and Loomis (and non-party Citadel)

ATTORNEYS AT LAW                                  BOSTON  |  NEW YORK  |  PARIS  |  WASHINGTON  |  FOLEYHOAG.COM

Hon. Lorna G. Schofield
June 27, 2023
Page 2

witnesses. *See id.* Fact discovery ended two months ago. In short, Citigroup has had ample opportunity to obtain whatever discovery it claimed was relevant to class certification.

None of this discovery has altered the straightforward nature of class certification in this case, in which the claims of each Class member, including LSTC, arise from the same conduct by the same defendant affecting the same securities at the same time on the same trading day. *See* Dkt. 24. Plaintiff's motion will demonstrate that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are met by the Class. There is no reason to delay consideration of class certification. Indeed, "Federal Rule of Civil Procedure 23 directs courts to decide whether or not to certify a class '[a]t an early practicable time after a person sues or is sued as a class representative.'" *Motta v. Global Contract Servs.*, No. 15 Civ. 8892 (LGS), 2016 U.S. Dist. LEXIS 59771, at *16 (S.D.N.Y. May 4, 2016).

II. **The Class Satisfies Rule 23(a)**

The Class satisfies the implied condition of ascertainability, as it is "defined using objective criteria that establish a membership with definite boundaries." *In re Petrobras Sec. Litig.*, 862 F.3d 250, 257 (2d Cir. 2017). The Class consists of those trusts, funds, and accounts that participated in the trades of SHOP and/or CL executed by Citigroup on March 18, 2022. The Class consists of more than 200 specifically identifiable trusts, funds, and accounts, including five wrap fee programs, which in turn consist in total of several thousand specifically identifiable wrap fee program participants. As "numerosity is presumed where a putative class has forty or more members," *Shahriar v. Smith & Wollensky Rest. Grp.*, 659 F.3d 234, 252 (2d Cir. 2011), there can be no dispute numerosity as required by Rule 23(a)(1) is met here.

Additionally, the Class satisfies Rule 23(a)(2), as the questions of law or fact common to the Class are substantial. Where, as here, "the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 460 (S.D.N.Y. 2018). The presence of only a single issue common to the class satisfies Rule 23(a)(2), *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011), and this case presents *several* common questions, including, among other things: (1) whether Citigroup failed to comply with the Affected Order instructions; (2) whether Citigroup's actions caused artificial price dislocation in the closing auction; (3) whether Citigroup failed to attempt to cancel or reduce the size of the Affected Orders; and (4) whether Citigroup breached its contractual and fiduciary duties to achieve best execution in connection with its trades of the Affected Orders.

The Class also satisfies Rule 23(a)(3)'s typicality requirement, as "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009). Here, each Class member's claim arises from the same conduct by Citigroup affecting the same securities during a narrow time period on the afternoon of March 18, 2022. Contrary to Citigroup's suggestion, the agreements between Loomis and the putative Class members, which have all been produced to Citigroup, are irrelevant to the Class members' legal arguments regarding *Citigroup's* liability. *See* Dkt. 28 at 2.

Hon. Lorna G. Schofield
June 27, 2023
Page 3

Finally, adequacy as required by Rule 23(a)(4) is met. LSTC has the same interest and incentives as the Class to vigorously pursue the claims against Citigroup and obtain recompense from Citigroup for the losses resulting from Citigroup's errors. *See Baffa v. Donaldson*, 222 F.3d 52, 60 (2d Cir. 2000). Moreover, LSTC has shown its commitment to pursuing the claims at issue on behalf of the Class members and its understanding of the basis of those claims and roles of a class representative by framing the complaint and prosecuting this litigation speedily through fact discovery and various motion practice in a matter of months. Among other things, LSTC has reviewed and approved the complaint, responded to written discovery requests, produced documents relating to its claims, and prepared and sat for several depositions. *See, e.g.*, *Price v. L'Oreal USA, Inc.*, 2018 U.S. Dist. LEXIS 138473, at *10 (S.D.N.Y. Aug. 15, 2018) (citing these factors favorably in finding adequacy was met).

Additionally, Plaintiff's counsel possess the knowledge and resources to adequately represent Plaintiff and the Class and are experienced in litigating class actions and other complex commercial cases, including securities cases. *See Baffa*, 222 F.3d at 60. Moreover, Plaintiff's attorneys have devoted significant resources to, among other things, investigating the claims in this action, drafting the complaint, opposing Citigroup's motion to dismiss, conducting significant discovery, and working extensively with five qualified experts. *Price*, 2018 U.S. Dist. LEXIS 138473, at *10-11 (citing these factors favorably in finding adequacy was met).

### III.     The Class Satisfies Rule 23(b)(3)

Rule 23(b)(3) is also satisfied. The questions of law or fact common to the Class predominate over any questions affecting individual Class members. The same legal theories involving the same facts are the basis for the claims of all Class members. Generalized evidence—such as, for example, the Bloomberg chats, recorded phone calls, other communications between Loomis and Citigroup concerning the Affected Orders, and expert testimony—will prove the claim elements on a class-wide basis. Similarly, damages can be proven on a class-wide basis. LSTC's damages expert, Dr. Mark Zmijewski, has established a damages model that measures the amount the Class overpaid on both a classwide and per share basis for the SHOP shares and the shortfall received from the sale of CL shares due to Citigroup's conduct. Damages based on this model restore each Class member to an economic outcome that would have reasonably been expected to occur in the absence of Citigroup's improper execution. Contrary to Citigroup's prediction, *see* Dkt. 28 at 3, there is no indication in the record of viable defenses applicable to individual Class members that may implicate the predominance requirement.

Finally, class treatment is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, filing suit individually would be prohibitive for Class members with smaller claims and uneconomical for all. (As LSTC has explained, for some Class members, even the legal fees required to respond to a subpoena could exceed the losses at issue in this litigation, Dkt. 68 at 3 n.1.)

As there is no reason to further delay the class certification decision, LSTC seeks to move to certify the class forthwith.

Hon. Lorna G. Schofield
June 27, 2023
Page 4

                                                   Respectfully submitted,

                                                   */s/ Matthew C. Baltay*
                                                   Matthew C. Baltay

cc:    Counsel of Record (via ECF)