```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
LOOMIS SAYLES TRUST CO., LLC,                                :
                                       Plaintiff,            :   22 Civ. 6706 (LGS)
                                                             :
            -against-                                        :   ORDER
                                                             :
CITIGROUP GLOBAL MARKETS, INC.,                              :
                                       Defendant.            :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Citigroup Global Markets ("Citigroup") moves to dismiss the Complaint, arguing that the parties' communications on the day of the trades at issue in this case unambiguously foreclose Plaintiff Loomis Sayles Trust Company's ("Loomis") claims by their plain language.  Alternatively, Citigroup argues that Loomis's claims are precluded by the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(1)(A), and that Plaintiff's breach of fiduciary duty claim is duplicative of its breach of contract claim.  Defendant requests oral argument in connection with its motion.

WHEREAS, after Loomis contested the completeness and accuracy of the materials that Citigroup had appended to its motion to dismiss -- namely, the Bloomberg chats and phone calls between the parties on the trade day -- Citigroup's motion was converted into a motion for summary judgment, and the parties were given the chance to file supplemental briefing and any other evidentiary submissions relevant to deciding the motion.

WHEREAS, on July 18, 2023, Plaintiff filed a letter requesting that Defendant be required to file a statement of material facts pursuant to Local Rule 56.1 in support of its converted motion.  On July 25, 2023, Defendant filed a letter opposing the request.

WHEREAS, New York law applies.  Loomis's claims arise out of state law, and the parties cite New York cases or federal cases applying New York law, and "such implied consent

is sufficient to establish the applicable choice of law." *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017).[1] Under New York law, "[d]etermining whether a contract is ambiguous is an issue of law for the courts to decide." *Donohue v. Cuomo*, 184 N.E.3d 860, 867 (N.Y. 2022). "Ambiguity in a contract arises when the contract, read as a whole, fails to disclose its purpose and the parties' intent, or when specific language is susceptible of two reasonable interpretations." *Id.* "[T]he contract, read as a whole" consists of Bloomberg chats and two telephone conversations from March 18, 2022, filed in connection with the motion. *Id.*

WHEREAS, ambiguity exists in the parties' contract sufficient to preclude summary judgment. As relevant for the motion, Citigroup argues that Loomis unambiguously directed it to trade all shares of CL and SHOP with MOC orders for sale in the closing auction. Citigroup relies on the following communications, among others:

- A statement by Nick Gagnon, a trader at Loomis, to Joseph Chiomastro, a trader at Citigroup, on a 2:32 P.M. telephone call that, "SAM is the only one that we think . . . probably makes sense to use the most protection. . . . I think it's going to be just SAM and CL but mostly just likely SAM that you have trouble with," i.e., trouble with liquidity requiring price protection, such as trading LOC.

- Gagnon's statement on a 3:31 P.M. telephone call with Chiomastro, following a discussion as to potentially using an LOC order for CL, that, "I do see some buyers showing up in CL . . . [s]o I'm thinking it's gonna be fine."

- Chiomastro's response to that statement that, "I do think that CL we just end up being down there all MOC, we don't probably even need an LOC."

- Gagnon's further statement, "That sounds perfect" in response to Chiomastro's prediction on the 3:31 P.M. call that MOC orders would be appropriate for CL and other stocks except for SAM.

- Chiomastro's statement via Bloomberg chat six minutes before the deadline that he had 346,000 shares of SHOP in hand to trade and "the rest is MOC" with Gagnon's response "Thanks . . . and looking to complete all except maybe SAM?" to which Chiomastro said "Yes."

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

This is insufficient to establish unambiguously that Loomis directed Citigroup to trade the CL and SHOP shares entirely with MOC orders.  In particular, Gagnon's response of "Thanks" to Chiomastro's statement that all shares, save SAM, would be traded MOC, and Gagnon's question whether Chiomastro was "looking to complete all except maybe SAM" cannot bear the weight Citigroup attempts to give them, because they do not constitute an unambiguous directive by Loomis.  A reasonable jury could interpret Gagnon's question as an inquiry in at least two ways -- was Chiomastro *seeking* to complete trades of all shares of CL, SHOP and the others except SAM in the small amount of time remaining before the deadline?  Or, did Chiomastro *foresee* completing those trades before the deadline?  Either interpretation is consistent with Plaintiff's position.

WHEREAS, the parties' communications, read as a whole, "fail[] to disclose . . . the parties' intent" regarding the orders for CL and SHOP, making the parties' agreement ambiguous. *Donohue*, 184 N.E.3d at 867.  Based on the parties' communications alone, a reasonable jury could make one of several alternative findings:  (1) for Citigroup -- that Citigroup received Loomis's instructions and then obtained Loomis's assent at each juncture for the second wave of trades and was exercising only limited discretion; (2) for Loomis -- that Loomis granted Citigroup full discretion (i.e., was deferring to Citigroup's judgment) to trade some or all of the SHOP and CL shares with MOC orders, LOC orders, or not to trade the shares at all; or (3) that there was no meeting of the minds, and Citigroup reasonably believed that it was acting on instructions, while Loomis reasonably believed that Citigroup was exercising its independent judgment.  "When the meaning of a contract is ambiguous and the intent of the parties is unclear, the record presents a question of fact that cannot be resolved on a motion for summary judgment."  *Blume v. Jacobwitz*, 183 N.Y.S.3d 3, 4 (1st Dep't 2023).

WHEREAS, Plaintiff's claims are not precluded by SLUSA.  SLUSA "precludes private parties from filing in federal or state court (1) a covered class action (2) based on state law claims, (3) alleging that defendants made a misrepresentation or omission of a material fact or used or employed any manipulative or deceptive device or contrivance (4) in connection with the purchase or sale of (5) covered securities."  *Rayner v. E\*TRADE Fin. Corp.*, 899 F.3d 117, 119-120 (2d Cir. 2018).  To determine whether SLUSA applies, a court should "emphasize substance over form."  *Id.* at 120.  Here, the gravamen of Loomis's claims is neither misrepresentation or omission of a material fact nor the use of any manipulative or deceptive device.  So SLUSA does not apply.

WHEREAS, under New York law, "[a] cause of action for breach of fiduciary duty which is merely duplicative of a breach of contract claim cannot stand."  *William Kaufman Org., Ltd. v. Graham & James LLP*, 703 N.Y.S.2d 439, 442 (1st Dep't 2000); *accord 4720 Third Avenue Housing LLC v. CA Ventures LLC*, 180 N.Y.S.3d 87, 89 (1st Dep't 2022).  New York law imposes a fiduciary obligation on brokers.  *See Press v. Chem. Investment Servs. Corp.*, 166 F.3d 529, 536 (2d. Cir. 1999) (describing "the fiduciary obligation that arises between a broker and a customer as a matter of New York common law").  As discussed, a reasonable jury could find that there was no meeting of the minds between the parties regarding a material term of their agreement -- the scope of Defendant's discretion in placing the trades.  Without a meeting of the minds there would be no binding contract, and the breach of fiduciary duty claim would not be duplicative.  *See* CPLR Rule 3014 ("Causes of action or defenses may be stated alternatively or hypothetically."); *see also Hartshorne v. Roman Catholic Diocese of Albany*, 161 N.Y.S.3d 384, 389 (3d Dep't 2021) ("A breach of fiduciary duty of claim is not duplicative, however, if fiduciary liability is not dependent solely upon an agreement or contractual relation . . . but results from the relation."); *cf. Grossman v. GEICO Casualty Co.*, No. 21-2789, 2022 WL 1656593, at

*3 (2d Cir. May 25, 2022) (summary order) (finding that under New York law, an equitable claim for unjust enrichment could be pleaded in the alternative to a breach of contract claim when there was a dispute about the existence of the contract).  It is hereby

**ORDERED** that Defendant's converted motion for summary judgment is **DENIED** without prejudice to renewal upon the submission of additional evidence.  Defendant's request for oral argument and Plaintiff's request to compel Defendant to file a Rule 56.1 statement are **DENIED** as moot.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 35, 44, 52 and 98.

Dated: July 28, 2023
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**