```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
LOOMIS SAYLES TRUST CO., LLC,                                :
                              Plaintiffs,                    :    22 Civ. 6706 (LGS)
                                                             :
              -against-                                      :         ORDER
                                                             :
CITIGROUP GLOBAL MARKETS, INC.,                              :
                              Defendant.                     :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 16, 2023, February 17, 2023, and July 18, 2023, Plaintiff filed three letter motions to file under seal certain information submitted in connection with Defendant's converted motion for summary judgment. Plaintiff seeks to file under seal (1) the entirety of a telephone call between Defendant's employees, (2) portions of Plaintiff's letter dated February 17, 2023, providing supplemental briefing on summary judgment, and (3) portions of Plaintiff's letter dated July 18, 2023, requesting further supplementation of the summary judgment record. Plaintiff's motions are based on the parties' confidentiality agreement and Defendant's designation of certain information as confidential. Plaintiff's motions to seal state that Defendant is the party with an interest in confidential treatment. Plaintiff does not claim any such interest. In the letter motion dated February 17, 2023, that seeks to file under seal information contained in Plaintiff's supplemental briefing, Plaintiff states that it does not believe this information should be filed under seal. Individual Rule I.D.3 directs a non-moving party with an interest in confidential treatment of information in a document to file a letter on ECF in support of sealing within two business days. Defendant did not file any such letters.

WHEREAS, on July 25, 2023, Defendant filed a letter motion to file under seal.

Defendant seeks to file under seal portions of its July 25, 2023, response to Plaintiff's July 18, 2023, letter requesting additional supplemental briefing. Defendant states it seeks to file under seal portions of its letter due to both parties' designation of certain information as confidential. It provides no further argument as to why the information should be filed under seal. Plaintiff did not timely file any letter in support of sealing.

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* A strong presumption of public access applies to the documents filed in connection with Defendant's motion for summary judgment. "It is well-settled that documents submitted to a court for its consideration in a summary judgment motion are -- as a matter of law -- judicial documents to which a strong presumption of access attaches." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019); *see also id.* at 53 ("Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public

access."); *Olson*, 29 F.4th at 90 ("[A] strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."). Such documents "should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 121.  That a document has been deemed confidential is not enough, in and of itself, to defeat the presumption of public access, particularly the strong one that attaches to documents filed in connection with a dispositive motion.  *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." (collecting cases)).  It is hereby

**ORDERED** that the parties' motions to file under seal are **DENIED**, as no party has rebutted the strong presumption of public access, and the documents and information in question are not of the type that supports filing under seal.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 55, 64, 97 and 100, and to unseal the documents at 57, 59, 66, 98, 101, 102 and 103.

Dated: July 28, 2023
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE