# CRAVATH

Michael A. Paskin
mpaskin@cravath.com
T+1-212-474-1760
New York

November 1, 2023

*Loomis Sayles Trust Company, LLC v. Citigroup Global Markets Inc.*, No. 1:22-cv-6706-LGS

Dear Judge Schofield:

  Pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases and the Stipulated Protective Order for Confidential Information (Dkt. No. 40), Defendant Citigroup Global Markets Inc. ("CGMI") respectfully requests leave to file under seal certain documents in connection with its Motion for Summary Judgment. In particular, for the reasons set forth herein, CGMI seeks to file under seal unredacted versions of its (1) Memorandum of Law in Support of its Motion for Summary Judgment; (2) Local Rule 56.1 Statement in Support of its Motion for Summary Judgment; and (3) certain exhibits submitted in support of its Motion for Summary Judgment.

  In the above-referenced documents, CGMI cites and discusses material that has been designated as "Confidential" or "Confidential – Attorneys Eyes Only" by Plaintiff Loomis Sayles Trust Company, LLC and third parties Loomis, Sayles & Company L.P. and Citadel Securities LLC pursuant to the Protective Order entered in this matter on November 21, 2022 (Dkt. No. 40). Additionally, CGMI cites to two "trade confirms", submitted as Exhibits 50 & 51, that identify Loomis clients as well as those clients' financial account information. Consistent with Your Honor's Individual Rule I.D.3 and the Protective Order in this case, unredacted copies of these documents have been filed under seal.

  CGMI takes no position as to whether the information at issue qualifies for sealing by this Court, but has filed it under seal based on the designations by the above entities.

Respectfully submitted,

*/s/ Michael A. Paskin*

Michael A. Paskin

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

VIA ECF

Copies to:

FOLEY HOAG LLP
Matthew C. Baltay (*pro hac vice*)
Dean Richlin (*pro hac vice*)
Kenneth S. Leonetti
Leah S. Rizkallah
Amanda S. Coleman
Natalie F. Panariello (*pro hac vice*)

mbaltay@foleyhoag.com
drichlin@foleyhoag.com
ksl@foleyhoag.com
lrizkallah@foleyhoag.com
acoleman@foleyhoag.com
npanariello@foleyhoag.com

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

The parties and non-parties Citadel Securities LLC and Loomis, Sayles & Company L.P. move to seal various documents filed in connection with Defendant's motion for summary judgment. "The common law right of public access to judicial documents is firmly rooted in our nation's history," but this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted).  "Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are -- as a matter of law -- judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Id.* at 121.  In weighing that presumption against competing considerations, such as the confidentiality of business or personal information, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* at 120.  Where the movants seek to redact specific information about confidential business and personal information, the proposed redactions are narrowly tailored to protect against competitive or personal harm, which outweigh the presumption of access accorded to these filings.  However, to the extent the movants request to seal entire documents, the parties' justifications are insufficient.  Therefore, the applications to seal at Dkt. Nos. 120, 126, 131, 136, 137 and 142 are **GRANTED** in part and **DENIED** in part without prejudice to renewal.  The motions are granted to the extent the movants have proposed specific redactions and denied to the extent they request sealing the entirety of documents.  Nonpublic business and personal information may be redacted, but background descriptions or other nonconfidential surrounding information shall not be redacted.  All documents currently filed under seal shall remain under seal at this time.  By **August 29, 2024**, the movants shall file the documents containing the proposed specific redactions on the public docket reflecting those redactions and either (1) file renewed motions to redact with specific proposed redactions highlighted for the remaining documents in accordance with the above ruling or (2) file on the public docket unredacted versions.  The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 120, 126, 131, 136, 137 and 142.

2

Dated: August 14, 2024
New York, New York