> Application **GRANTED**. The referenced documents may be filed in redacted form for substantially the reasons stated in this letter. The full unredacted version of the referenced documents has already been filed under seal at Dkt. No. 150.
>
> The Clerk of Court is respectfully directed to close the motion at Dkt. Nos. 148 and 150.
>
> Dated: September 17, 2024
> New York. New York
>
> *signature*
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

<u>Via ECF</u>

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Loomis Sayles Trust Company, LLC v. Citigroup Global Markets Inc.*,
       No. 1:22-cv-6707-LGS

Dear Judge Schofield:

I represent third-party Citadel Securities, LLC ("Citadel Securities"). On August 15, this Court granted in part and denied in part three motions to seal filed by Citadel Securities. ECF 144. Pursuant to that Order, third-party Citadel Securities files this renewed motion to redact specific portions of the documents at issue that contain its nonpublic, proprietary, and confidential business information. These documents include two exhibits (Exhibits 4 and 53) to Defendant Citigroup Global Market Inc.'s ("CGMI's") Motion for Summary Judgment, one Exhibit (Exhibit 62) to Plaintiff Loomis Sayles Trust Company, LLC's ("Loomis's") Opposition to the Motion for Summary Judgment, and CGMI's Reply to Plaintiff's Response to Defendant's Local Rule 56.1 Statement and Statement of Additional Facts.

As this Court acknowledged, there exists a right of public access to judicial documents—but "this right is not absolute, and courts 'must balance competition considerations against' the presumption of access." ECF 144 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006)). The party seeking that information remain under seal need only show that "higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Such higher values include "the confidentiality of sensitive information" and "the privacy of innocent third parties." *Vinvi Brands LLC v. Coach Servs., Inc.*, No. 23-cv-5138, 2023 WL 6289969, at *1 (S.D.N.Y. Sept. 27, 2023) (Schofield, J.) (allowing certain confidential information to remain under seal); *see also Blackboard, Inc. v. Int'l. Bus. Machines Corp.*, No. 21-cv-7165, 2021 WL 4776287, at *1 (S.D.N.Y. Oct. 12, 2021) (Schofield, J.) (granting application to seal confidential business information). This Court has previously recognized that one of the interests justifying sealing otherwise public documents is "protecting from disclosure proprietary, sensitive, and confidential business information." *Debbie*

WILLIAMS & CONNOLLY LLP
August 29, 2024
Page 2

*Markowitz v. KBI Services d/b/a/ Kindbody*, No. 21-mc-397, 2021 WL 4555833 (S.D.N.Y. Oct. 5, 2021); *application granted*, Dkt. 41 (S.D.N.Y. Oct. 7, 2021) (Schofield, J.). This information need not rise to the level of trade secrets. *Gelb v. American Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993).

As described below, the documents at issue contain just such "proprietary, sensitive, and confidential business information."[1]

- Exhibit 4 to CGMI's Motion for Summary Judgment (ECF 124-4) is an excerpt of a corporate deposition of a Citadel Securities employee. The proposed redactions include portions of the deposition where the employee explains, in detail, the operations and trade practices of Citadel Securities' Designated Market Maker business, including how closing imbalances are handled in particular instances—information that is considered proprietary and confidential. Such information constitutes Citadel Securities' highly sensitive and proprietary business information. *See* Attachment A.

- Exhibit 53 to CGMI's Motion for Summary Judgment (ECF 124-37) is a letter that Citadel Securities provided to a self-regulatory organization under confidentiality. The proposed redactions similarly describe the operations and trade practices of Citadel Securities' Designated Market Maker business, including significant detail on the closing of a particular security. Such information constitutes Citadel Securities' highly sensitive and proprietary business information. Citadel Securities also seeks to redact the contact information of the letter's author, which constitutes personal information that should not made public. *See* Attachment B.

- Exhibit 62 to Loomis's Opposition to CGMI's Motion for Summary Judgment (ECF 135-4) consists of two excerpts of a corporate deposition of a Citadel Securities employee. The proposed redactions include portions of the deposition where the employee describes, in detail, the operations and trade practices of Citadel Securities' Designated Market Maker business, including how closing imbalances are handled in particular instances—information that is considered proprietary and confidential. Such information constitutes Citadel Securities' highly sensitive and proprietary business information. *See* Attachment C.

- CGMI's Reply to Defendant's Local Rule 56.1 Statement and Statement of Additional Facts (ECF 139) contains two paragraphs for which Citadel Securities proposes redactions. CGMI's response to paragraph 287 contains a quote of the corporate deposition of a Citadel Securities employee discussed above (Exhibit 62) which describes the operations and trade practices of Citadel Securities' Designated Market Maker business, including how closing imbalances are handled—information that is considered proprietary and confidential. CGMI's response to paragraph 289 references the portions of the letter that Citadel

---

[1] The parties are filing these documents on the public docket today attached to their briefs. Citadel Securities further attaches these documents with redactions to this motion. Contemporaneously with this motion, Citadel Securities files these documents under seal, with the proposed redactions highlighted, for the ease of the Court's review.

WILLIAMS & CONNOLLY LLP
August 29, 2024
Page 3

Securities provided to a self-regulatory organization (Exhibit 53) that Citadel Securities seeks to redact, as described above. *See* Attachment D.

The fact that Citadel Securities is a third party to this proceeding further weighs in favor of sealing. The Second Circuit has held that "[t]he privacy interests of innocent third parties . . . should weigh heavily [in favor of sealing] in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citation omitted). These interests are "a venerable common law exception to the presumption of access." *Id.* at 1051. Citadel Securities' proprietary and confidential business information should not be aired publicly as a tangential part of two other parties' dispute, and Citadel Securities' third-party status weighs heavily against disclosures of its confidential information.

Given third-party Citadel Securities' critical privacy interest in the exhibits at issue, I respectfully request that the Court allow the full documents to remain under seal, with redacted documents available on the public docket.

Respectfully Submitted,

/s/ Nicholas C. Suellentrop
Nicholas C. Suellentrop