

Application **GRANTED** as to Exhibit N and O and Plaintiff's proposed redactions for Exhibits E, F, L and M at Dkt. 166 and otherwise **DENIED** without prejudice to renew. By **September 5, 2025**, Defendant shall file any motion to seal or redact the materials referenced on page 3 of Dkt. No. 162, and/or shall file a letter stating that Defendant has no objection to the public filing of some or all of such documents. By **September 10, 2025**, Plaintiff shall file on the public docket any such documents as to which there is no objection. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 162.

Dated: August 28, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

October 21, 2024

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse, 40 Foley Square
New York, NY 10007

Re:     *Loomis Sayles Trust Company, LLC v. Citigroup Global Markets Inc.*, 22-cv-6706-LGS

Dear Judge Schofield:

Pursuant to Your Honor's Individual Rule I.D.3, Plaintiff Loomis Sayles Trust Company, LLC ("LSTC") requests leave to file under seal certain documents in connection with its Memorandum of Law in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel ("Memorandum of Law"). For the reasons provided below, LSTC seeks to file under seal an unredacted version of the Memorandum of Law, in addition to certain unredacted exhibits appended to the associated Declaration of Amanda S. Coleman ("Declaration").

**Materials LSTC Seeks to File Under Seal**

Because certain exhibits appended to the Declaration contain confidential and proprietary business and personal information, LSTC seeks to have Exhibits E, F, J, L, M, N and O filed in redacted forms or under seal on the docket.

I.     Legal Standard

Courts utilize a three-part inquiry when deciding a motion to seal. *See, e.g., J.M. v. United Healthcare Ins.*, No. 21-cv-6958 (LGS), 2023 U.S. Dist. LEXIS 177253, at *2 (S.D.N.Y. Sep. 29, 2023) (Schofield, J). At the first and second steps, the Court determines whether the documents sought to be sealed are judicial documents to which a presumption of public access attach, and, if so, the weight of that presumption. *Id*. At the third step, the Court must balance the presumption of access against any competing considerations. *Id.* Even where the presumption of access is at its highest, certain considerations—such as the confidentiality of sensitive commercial information and the privacy of non-parties—can override the presumption, provided that the party seeking to keep documents under seal satisfies its "burden of showing that higher values overcome the presumption of public access." *Id.* at *2–4 (citation omitted); *see also Rowe v. Google LLC*, No. 19-cv-8655 (LGS), 2022 U.S. Dist. LEXIS 173468, at *4 (S.D.N.Y. Sep. 26, 2022) (Schofield, J) (explaining that privacy interests of "individuals who are not parties to this lawsuit . . . must factor into the sealing analysis").

Hon. Lorna G. Schofield
October 21, 2024
Page 2

    II.    <u>Private Information of Loomis's Clients and Loomis's and LSTC's Employees</u>

        A.    <u>Client Identities</u>

Exhibits E, F, L, M, N and O contain the names and account numbers of Loomis clients. This Court has previously found redactions concealing client identities appropriate where the client identities had no bearing on the case and implicated legitimate privacy interests. *See Cohen v. Gerson Lehrman Grp., Inc.*, No. 09-cv-4352 (PKC), 2011 U.S. Dist. LEXIS 104510, at *5 (S.D.N.Y. Sep. 15, 2011); *Dodona I, LLC*, 119 F. Supp. 3d at 156–57; *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, No. 14-cv-2270 (JMF), 2014 U.S. Dist. LEXIS 156008, at *17 (S.D.N.Y. Nov. 4, 2014). While these exhibits support LSTC's Motion for Class Certification, the clients' identities themselves have no bearing on the motion. The privacy interests of Loomis's clients therefore outweigh the presumption of access, and the Court should permit redaction of the client names and account numbers in Exhibits E, F, L, M, N and O.

        B.    <u>Sensitive Personal Information of LSTC's and Loomis's Dual Employees</u>

Exhibits E and F contain compensation information for LSTC's and Loomis's dual employees Aziz Hamzaogullari and Gregory Woodgate. This Court has recognized that "[i]ndividuals' financial information, including their compensation, is considered private and can override even a strong presumption in favor of public access." *Rowe*, 2022 U.S. Dist. LEXIS 173468, at *4–5 (collecting cases). This compensation information bears no relation to LSTC's Motion for Class Certification. Accordingly, Messrs. Hamzaogullari and Woodgate's privacy interests outweigh the presumption of public access, and the Court should permit redaction for the compensation information in Exhibits E and F.

    III.    <u>Sensitive Commercial Information</u>

Exhibit J is an agreement between LSTC and non-party Loomis, Sayles & Company, L.P. ("Loomis") regarding personnel sharing. The terms of this agreement are proprietary and contain sensitive commercial information that is not publicly available. Loomis's business interests in maintaining the confidentiality of its sensitive commercial information outweigh the presumption of public access, and the Court should permit Loomis to file under seal Exhibit J. *See Glob. Net Lease, Inc. v. Blackwells Capital LLC*, No. 22-cv-10702 (JPO), 2023 U.S. Dist. LEXIS 91432 at *4–5 (S.D.N.Y. May 25, 2023) (finding that documents concerning defendants' "potential future investments" contained "confidential business information that implicates legitimate and significant privacy and business interests" and warranted sealing); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting redaction of non-parties' "trading strategies, objectives and transactions").

**<u>Materials Filed Under Seal Pursuant to the Protective Order</u>**

In the Memorandum of Law, LSTC cites and discusses material that has been designated "Confidential" or "Highly Confidential—Attorneys Eyes Only" by Citigroup pursuant to the

Hon. Lorna G. Schofield
October 21, 2024
Page 3

Protective Order entered in this matter on November 21, 2022 (ECF 40) (the "Protective Order"). LSTC expresses no view on whether the Memorandum of Law requires sealing and it has been filed under seal strictly based on Citigroup's respective designations. Additionally, the following exhibits to the Declaration consist of (1) documents produced by Citigroup that are designated "Confidential" or "Highly Confidential" pursuant to the Protective Order; (2) excerpts from LSTC's experts' reports that contain information Citigroup has designated "Confidential" or "Highly Confidential" pursuant to the Protective Order; or (3) excerpts from deposition transcripts of witnesses for LSTC and Citigroup, respectively, that contain information Citigroup has designated "Confidential" or "Highly Confidential" pursuant to the Protective Order. Again, LSTC expresses no view on whether any of the above-referenced exhibits require sealing, notwithstanding LSTC's proposed redactions specifically discussed in this letter motion, as these documents have otherwise been filed under seal strictly based on Citigroup's respective designations.

1. Excerpted pages from the Expert Report of Dr. Mark Zmijewski (May 22, 2023), attached as Exhibit A to the Declaration.

2. Excerpted pages from the Expert Report of Jeffrey Estella (May 22, 2023), attached as Exhibit B to the Declaration.

3. Excerpted pages from the Expert Report of Dr. Jeffrey Harris (May 22, 2023), attached as Exhibit C to the Declaration.

4. Excerpted pages from the Expert Report of Hollie Mason (June 21, 2023), attached as Exhibit D to the Declaration.

5. Excerpted pages from the 30(b)(6) Deposition Transcript of Gregory Woodgate (April 21, 2023), attached as Exhibit E to the Declaration.

6. Excerpted pages from the Deposition Transcript of Aziz Hamzaogullari (March 28, 2023), attached as Exhibit F to the Declaration.

7. Excerpted pages from the Deposition Transcript of Nicholas Gagnon (April 17, 2023), attached as Exhibit G to the Declaration.

8. Excerpted pages from the Deposition Transcript of Charles O'Connell (March 23, 2023), attached as Exhibit H to the Declaration.

9. Settlement notifications produced by Citigroup, with Bates number CGMI_00014022, CGMI_00013456, CGMI_00013832, and CGMI_00013196, attached as Exhibit L to the Declaration.

Consistent with Your Honor's Individual Rule I.D.3. and the Protective Order, unredacted copies of these exhibits and the Memorandum of Law have been filed under seal.

Hon. Lorna G. Schofield
October 21, 2024
Page 4

Respectfully submitted,

*/s/ Matthew C. Baltay*

Matthew C. Baltay
Partner

cc: Counsel of Record (via ECF)

Hon. Lorna G. Schofield
October 21, 2024
Page 5

# APPENDIX

Pursuant to Your Honor's Individual Rule I.D.3, LSTC identifies the following parties and attorneys of record who should have access to the sealed documents:

**Plaintiff Loomis Sayles Trust Company, LLC**

Attorneys of Record:  Matthew C. Baltay
Dean Richlin
Kenneth S. Leonetti
Leah S. Rizkallah
Amanda S. Coleman
Natalie F. Panariello

**Defendant Citigroup Global Markets Inc.**

Attorneys of Record:  Michael A. Paskin
Helam Gebremariam