UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LOOMIS SAYLES TRUST CO., LLC,                               :
                                              Plaintiff,    :    22 Civ. 6706 (LGS)
                                                            :
                    -against-                               :    **OPINION & ORDER**
                                                            :
CITIGROUP GLOBAL MARKETS, INC.,                             :
                                              Defendant.    :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      This action by Plaintiff Loomis Sayles Trust Co., LLC, ("LSTC") against Defendant Citigroup Global Markets, Inc. ("Citigroup"), asserts a claim of breach of contract related to Defendant's execution of two securities trades on behalf of LSTC and its affiliated investment advisory firm, Loomis, Sayles & Company, L.P. ("Loomis"), on March 18, 2022. Plaintiff moves to certify a class of investors under Rule 23(b)(3), and seeks appointment of itself as class representative, and its counsel as class counsel under Rule 23(g). Defendant opposes. For the following reasons, Plaintiff's motion is denied.

I. BACKGROUND

      Familiarity with the underlying facts and procedural history is assumed. *See Loomis Sayles Tr. Co., LLC v. Citigroup Glob. Markets, Inc.*, No. 22 Civ. 6706, 2023 WL 4847261, at *1 (S.D.N.Y. July 28, 2023) (denying Defendant's converted motion for summary judgment); *Loomis Sayles Tr. Co., LLC v. Citigroup Glob. Markets, Inc.*, No. 22 Civ. 6706, 2024 WL 4307775, at *1 (S.D.N.Y. Sept. 26, 2024) (granting in part and denying in part Defendant's motion for summary judgment). The following undisputed facts are drawn from the Complaint, the parties' submissions on the prior motion for summary judgment and this motion.

LSTC and Loomis provide investment management and advisory services. In this capacity, LSTC and Loomis decide which securities to buy and sell on behalf of their clients. On numerous occasions, LSTC and Loomis have engaged Citigroup as a broker to execute trades on their behalf for their clients. For ease of reference and because it is undisputed that the two entities acted together during the events at issue here, the terms "LSTC" and "Plaintiff" below sometimes include Loomis.

On March 18, 2022, Plaintiff engaged Defendant as a broker to execute several large buy and sell orders on Plaintiff's behalf. Among them were trades in the two stocks at issue here, Shopify, Inc. ("SHOP") and Colgate-Palmolive Company ("CL"). Defendant placed these orders into the closing auction as market-on-close ("MOC") orders, which must trade regardless of price, resulting in losses of approximately $70 million to Plaintiff and its investment clients.

Plaintiff asserts that Defendant breached its contract with Plaintiff in placing the orders as MOC orders rather than following Plaintiff's more expansive instructions. According to Citigroup, "[its] central defense will be that LSTC's own conduct directly led to the trades that were executed and the alleged losses at issue." Plaintiff seeks to certify a class under Rule 23(b)(3), consisting of:

> The owners of the 232 identified accounts managed by [Loomis] or by LTSC, plus the owners of more than 3,000 subaccounts to wrap fee program omnibus accounts managed by Loomis, each of which was allocated shares of Shopify, Inc. and/or Colgate-Palmolive Company as purchased and sold by Defendant Citigroup Global Markets Inc. on their behalf on March 18, 2022, and which suffered damage as a result.

In general terms, the class members -- apart from Plaintiff -- are investment advisory clients whose shares in SHOP and CL Citigroup traded for Plaintiff on March 18, 2022.

## II. STANDARD

Federal Rule of Civil Procedure 23(a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Where, as here, class certification is sought pursuant to Rule 23(b)(3), a plaintiff also must show "that the questions of law or fact common to class members predominate over any questions affecting only individual members" and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Second Circuit "has also recognized an implied requirement of ascertainability in Rule 23, which demands that a class be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *In re Petrobras Sec.*, 862 F.3d 250, 260, 268-69 (2d Cir. 2017).

"The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements have been met." *Elisa W. v. City of New York*, 82 F.4th 115, 127 (2d Cir. 2023). Although "a court's class-certification analysis must be rigorous and may entail some overlap with the merits of the plaintiff's underlying claim," courts may consider merits questions only to the extent "that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465-66 (2013); *accord Belendez-Desha v. JAF Communications, Inc.*, No. 24 Civ. 741, 2024 WL 5155748, at *2 (S.D.N.Y. Dec. 18, 2024).

### III. DISCUSSION

Plaintiff seeks to certify a class consisting of itself and the affected investors on whose behalf Plaintiff traded. The motion is denied because Plaintiff cannot adequately represent the putative class and because Plaintiff's claims are not typical of those of the putative class.

#### A. Adequacy

Plaintiff is not an adequate representative because Plaintiff has a conflict of interest with the other putative class members. Rule 23(a)(4) requires that the named representative "will fairly and adequately protect the interests of the class." "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

The adequacy requirement has two components: "the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 231 (2d Cir. 2016). The inquiry on the second issue is "whether some difference between [LSTC] and some class members might undermine [LSTC's] incentive" to pursue the class claims. *Id.* "[A]ny fundamental conflict that goes to the very heart of the litigation must be addressed [if possible,] with a structural assurance of fair and adequate representation for the diverse groups and individuals among the plaintiffs. *Id*. (declining to approve class settlement because of conflicts between groups of class members); *accord In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 407 F. Supp. 3d 422, 439 (S.D.N.Y. 2019) (denying class certification where plaintiff and some class members had conflicting incentives with other class members to prove certain factual issues).

4

Plaintiff does not satisfy the adequacy requirement because Plaintiff is fundamentally different from the rest of the putative class in a way that conflicts with its interests. Plaintiff is the investment advisor that placed the other putative class members' trades at issue, with Plaintiff's own duties to its investor clients. While Plaintiff will vigorously pursue claims against Defendant, Plaintiff will do so only in a way that minimizes its own responsibility for the losses and will not pursue any claims against itself. A different class representative might have sued both Citigroup and LSTC in a single action, on the theory that any misconduct that led to the losses must have been committed by one of the two entities responsible for the trades at issue.

Although they involve unresolved factual issues, possible missteps by LSTC are not merely abstractions. As the summary judgment opinion explained, the central factual issues involve the instructions provided by LSTC to Citigroup about how and when to execute the challenged trades. Questions could arise about the timing and clarity of LSTC's instructions, as well as LSTC's responsiveness shortly before the close of the market to clarify or reaffirm the instructions in light of market conditions. The divergence between Plaintiff's interests in shielding itself from liability and the other class members' interest in recouping the maximum recovery is "fundamental" and "goes to the very heart of the litigation. " *In re Payment Card Interchange Fee*, 827 F.3d at 231 (2d Cir. 2016) ("To avoid antagonistic interests, any fundamental conflict that goes to the very heart of the litigation must be addressed with a structural assurance of fair and adequate representation for the diverse groups and individuals among the plaintiffs."). Plaintiff is not an adequate class representative, and no restructuring of the class will cure the problem.

  **B.  Typicality Issues Raised by the Wrap Fee Program Participants**

The class cannot be certified for a second reason: Plaintiff's claims are atypical of those of the other class members. Typicality is satisfied "when each member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Elisa W.*, 82 F.4th at 128. "The disputed issues of law or fact" should "occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Mazzei v. Money Store*, 829 F.3d 260, 272 (2d Cir. 2016); *accord In re Aphria, Inc. Sec. Litig.*, 342 F.R.D. 199, 204 (S.D.N.Y. 2022).

Plaintiff's claims are atypical because Plaintiff occupies a unique position in relation to the class members by acting as their investment advisor. As discussed above, Plaintiff's claims are unlike those of the other class members who potentially have claims against both Plaintiff and Citigroup, not just the latter.

Plaintiff's claims are atypical for the additional reason that Plaintiff uniquely has a direct contractual relationship with Citigroup. The class consists of two groups: "The owners of the 232 identified accounts managed by [Loomis] or by LTSC, plus the owners of more than 3,000 subaccounts to wrap fee program omnibus accounts managed by Loomis." The second group invested in wrap fee programs sponsored by five other large financial institutions, which then retained Loomis as an investment advisor, which in turn retained Citigroup as a broker. This second group, which makes up more than 90% of the class, is thus two steps removed from any direct contractual relationship with Citibank.

The summary judgment motion illustrates how Plaintiff's atypical position makes it ill-suited to represent the interests of this second group. At issue were Plaintiff's two claims, for breach of contract and breach of fiduciary duty. *Loomis*, 2024 WL 4307775, at *1. The motion concerned exclusively Plaintiff's individual claims against Citigroup. Citigroup argued that the

6

fiduciary duty claim was duplicative of the breach of contract claim. LTSC opposed, but did not argue that the claim should be preserved for the absent putative class members, none of whom had a direct contractual relationship with Citibank. Summary judgment was granted to Defendant on the fiduciary duty claim because it did "not identify any additional duties, misconduct or damages from those identified in the contract claim." *Loomis*, 2024 WL 4307775, at *5. Plaintiff's summary judgment briefing never considered the class members.

Now, a disputed factual and legal issue is whether the wrap fee program participants were in contractual privity with Citigroup, a requisite for the sole remaining claim of breach of contract. *See State ex rel. Grupp v. DHL Exp. (USA), Inc.*, 970 N.E.2d 391, 396 (N.Y. 2012) ("plaintiffs . . . cannot recover under a breach of contract action because they lack privity to enforce the benefit of the parties' bargain."); *Seaver v. Ransom*, 224 N.Y. 233, 237 (1918) ("privity between a plaintiff and a defendant is necessary to the maintenance of an action on the contract."); *Tutor Perini Bldg. Corp. v. Port Auth. of New York & New Jersey*, 143 N.Y.S.3d 12, 13 (1st Dep't 2021) ("[Plaintiff] acknowledges the general rule that privity between a plaintiff and a defendant is required to support a breach of contract claim.").[1] Whether these putative class members have a valid breach of contract claim or any other claim against Citibank, is unclear and has never been adjudicated, even at this late stage of the litigation. This is a merits question and need not be decided in "determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen*, 568 U.S. at 465-66.

---

[1] Citigroup argues that the claims of these investors could never be certified for class treatment because they raise individual questions of whether each investor was in contractual privity with Citigroup. If this is correct (an issue that would require more briefing), the Rule 23(b)(3) requirements of predominance and superiority would not be met.

This example illustrates how the class is disserved by Plaintiff's misguided effort to represent the class, which might be certified if it had different class representatives whose interests were similar to, and directly aligned with, those of the other class members. Class certification is denied because Plaintiff, the proposed class representative, does not satisfy the requirements of adequacy and typicality. The issue of class counsel is not addressed because the proposed class is not certified.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to certify a class, appoint itself as class representative and appoint its counsel as class counsel is **DENIED**.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 163. An order scheduling trial for this case will issue separately.

Dated: September 2, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

8