# CRAVATH



| | |
|---|---|
| Michael A. Paskin<br>MPaskin@cravath.com<br>T+1-212-474-1760<br>New York | Matthew Baltay<br>mbaltay@foleyhoag.com<br>(617) 832-1262<br>Boston |

September 15, 2025

*Loomis Sayles Trust Company, LLC v. Citigroup Global Markets Inc.*, No. 1:22-cv-6706-LGS

Dear Judge Schofield:

  Plaintiff Loomis Sayles Trust Company, LLC ("LSTC") and Defendant Citigroup Global Markets Inc. ("CGMI") (collectively, "the Parties") jointly submit this letter request for a firm trial date in this action.

  The Parties are in receipt of the Court's Opinion and Order denying LSTC's motion for class certification (Dkt. 189) and the Cout's Scheduling Order (Dkt. 190) placing the case on the December 8, 2025 "trial ready" calendar. The Parties have met and conferred, and believe it would be appropriate in this case for the Court to set a firm trial date in early 2026, for the following reasons.

  First, the Parties believe a firm trial setting will be essential in order to ensure the availability of counsel, fact witnesses and experts, many of whom are located out of town and who will also have to navigate existing conflicts with other trials (including at least one expert witness with a trial conflict the week of December 8, 2025). LSTC's lead trial counsel and all of their likely fact witnesses are based in Boston. In addition, four of LSTC's five identified expert witnesses are based outside of New York (one in Washington, D.C., one in Florida, one in Idaho/New Jersey and one in New Hampshire). For CGMI, while lead counsel and anticipated fact witnesses are all based in New York City, two of CGMI's three identified expert witnesses are based outside of New York (one in California and one in Chicago).

  Second, pursuant to Federal Rule of Civil Procedure Rule 23(f), LSTC will be filing a petition for interlocutory appeal of this Court's Opinion and Order on class certification with the United Stated Court of Appeals for the Second Circuit on September 16, 2025. CGMI will oppose that petition. While the Second Circuit's timing cannot be determined with certainty, the Parties believe it is likely that the Second Circuit will decide whether or not to grant the Rule 23(f) petition by early 2026. Setting a firm trial date for the winter or spring of 2026, as opposed to a trial ready date of December 8, 2025, will thus likely provide more clarity at trial regarding the status of this case as an individual action.

  The Parties have conferred regarding dates of availability in early 2026 for what they anticipate will be a jury trial not to exceed two weeks in length. Subject to the Court's availability, the Parties request that a firm trial date be set within one of the following windows, which will ensure that the necessary witnesses and experts are available and promote efficiency and conserve resources:

February 2-27, 2026;

April 14-24, 2026;

April 27-May 22, 2026.

In the event that the Court endorses the Parties' request and issues an order setting a firm trial date, the Parties will meet and confer and revert to the Court within one week with a joint proposed schedule for interim pre-trial deadlines.

Respectfully submitted,

| | |
|---|---|
| */s/ Matthew Baltay* | /s/ *Michael A. Paskin* |
| Matthew Baltay | Michael A. Paskin |

The Honorable Lorna G. Schofield
   U.S. District Court for the Southern District of New York
     Thurgood Marshall United States Courthouse
       40 Foley Square
       New York, NY 10007

VIA ECF

**Application granted.**

- The jury trial scheduled to begin on December 8, 2025, is **ADJOURNED** to **April 27, 2026, at 9:45 A.M.**
- The Final Pretrial Conference will be held on **April 13, 2026, at 3:00 P.M.** The conference will be conducted at the Thurgood Marshall United States Courthouse, Southern District of New York, 40 Foley Square, New York, New York at Room 1106.
- By **September 23, 2025**, the parties shall file a joint letter containing a proposed order with pre-trial submission deadlines. The proposed order should assume that the final pretrial order shall be filed no later than March 9, 2026, and all motions in limine, including *Daubert* motions, shall be fully briefed no later than March 2, 2026. All motions in limine, including *Daubert* motions, shall comply with the page limits set forth in Judge Schofield's individual rules absent Court order otherwise.
- In the joint letter, the parties shall state how many *Daubert* motions will be filed by each party, as that may impact the Court's evaluation of the parties' proposed schedule to ensure sufficient time to decide motions. Cumulative testimony, including expert testimony, will not be permitted.
- No further adjournments will be granted absent extraordinary circumstances.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 195.

Dated: September 16, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE