UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                          :

LOOMIS SAYLES TRUST COMPANY, LLC,    :

                                          :

                        Plaintiff,   :

             -against-          :          22 Civ. 6706 (LGS)

                                            :

CITIGROUP GLOBAL MARKETS INC.,    :          **ORDER**

                                            :

                        Defendant.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

On February 23, 2026, Plaintiff Loomis Sayles Trust Company, LLC ("Loomis") filed

six motions in limine ("MILs"), and Defendant Citigroup Global Markets Inc. ("Citigroup") filed

three MILs.  All references to Rules are to the Federal Rules of Evidence.  The MILs are

resolved as follows:

## I.     LOOMIS'S MILS

**Loomis's First MIL** (Dkt. No. 270).  Loomis moves to exclude evidence of Citigroup's

compliance with regulatory order handling obligations under Rules 401, 402 and 403.  The

motion is **DENIED**.  This information is relevant to Citigroup's defense that it complied with its

best execution obligations, which Citigroup argues are defined in part by its regulatory

obligations.  Any jury confusion can be addressed with a limiting instruction that (1) this

evidence should be considered only for the purpose of clarifying the scope of Citigroup's implied

contractual duties and whether Citigroup complied with them and (2) the issue the jury must

decide is whether Citigroup breached its contractual duties.

**Loomis's Second MIL** (Dkt. No. 272).  Loomis moves to exclude Loomis's internal

communications under Rules 401, 402 and 403.  The motion is **DENIED**.  These

communications are relevant extrinsic evidence of the meaning of the parties' agreement, which was previously held to be ambiguous. *See Loomis Sayles Tr. Co., LLC v. Citigroup Glob. Markets, Inc.*, No. 22 Civ. 6706, 2023 WL 4847261, at *2 (S.D.N.Y. July 28, 2023) ("[T]he parties' communications, read as a whole, fail to disclose the parties' intent regarding the orders for CL and SHOP, making the parties' agreement ambiguous."[1]).

**Loomis's Third MIL** (Dkt. No. 274).  Loomis moves to exclude or limit evidence of Citigroup's Americas Cash Equities Disclosures and Disclosure to Citi Markets' Institutional Equities Clients (together, the "Disclosures") under Rules 401, 402 and 403.  The motion is **DENIED**, subject to the condition that Citigroup must lay the foundation at trial that Citigroup's procedure was to provide the Disclosures to clients like Loomis, including when and how Citigroup did so.  The Disclosures are potentially relevant to the parties' understanding and the scope of their agreement.  If Citigroup believes that it can satisfy this condition, Citigroup may reference the Disclosures in its opening statement.  To avoid unfair prejudice, Loomis may present evidence and argument about Loomis's lack of knowledge of the Disclosures.

**Loomis's Fourth MIL** (Dkt. No. 278).  Loomis moves to exclude evidence of non-party Loomis, Sayles & Company, L.P.'s contractual or fiduciary obligations as investment adviser to its non-party clients under Rules 401, 402 and 403.  The motion is **DENIED**.  This information is probative of what Loomis likely agreed regarding Citigroup's exercise of discretion.  To avoid unfair prejudice, Loomis may seek a limiting instruction directing the jury not to speculate about the relationships between Loomis and its clients regarding the trades and reminding the jury of the issue to be tried.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

**Loomis's Fifth MIL** (Dkt. No. 282).  Loomis moves to exclude evidence of compensation paid to Aziz Hamzaogullari under Rules 401, 402 and 403.  The motion is **GRANTED** as to the specific amount of compensation because the evidence is substantially more prejudicial than probative.  The information is potentially probative of bias, but Citibank may explore that bias by asking Mr. Hamzaogullari about his compensation structure (without revealing any amount) or his relative compensation from year to year (again without revealing amounts) and whether his compensation was affected by the March 18, 2022, trades.  Allowing the dollar amounts risks appealing to class prejudice and unnecessarily discloses his private information.

**Loomis's Sixth MIL** (Dkt. No. 290).  Loomis moves to exclude evidence of a U.S. Securities and Exchange Commission ("SEC") regulatory inquiry and the outcome of a New York Stock Exchange ("NYSE") investigation under Rules 401, 402 and 403.  The motion is **GRANTED** under Rule 403.  The evidence is of limited probative value because the NYSE investigation was inconclusive and perhaps is not yet complete, and the SEC explicitly disclaimed exonerating Citigroup.  The evidence is also confusing and a waste of time because the jury would need to be instructed on the role of the NYSE and SEC in securities regulation, the circumstances of their conducting investigations and enforcement actions, the potential meaning of the NYSE and the SEC not having commenced an enforcement action and the meaning of the SEC disclaimer, among other related issues.  The evidence is also potentially highly prejudicial as it invites the jury to speculate that the ultimate arbiters on these issues determined that Citigroup did not violate the duty of best execution, despite no such finding.  Neither party may raise the fact of the regulatory inquiries or their respective outcome or status.

## II.    CITIGROUP'S MILS

**Citigroup's First MIL** (Dkt. No. 277).  Citigroup moves to preclude Loomis from introducing testimony or argument defining the operative contract and instructions for the at-issue trades as anything other than the full set of Bloomberg chats and telephone conversations between Nicholas Gagnon and Daniel Maturi of Loomis and Joseph Chiomastro of Citigroup from 2:18 p.m. ET to 3:50 p.m. ET on March 18, 2022, under Rule 403.  The motion is **DENIED as moot** in light of the parties' stipulation that "[t]he contract between CGMI and LSTC consists of the parties' Bloomberg chats and two telephone conversations for about a 90-minute period on March 18, 2022, beginning at 2:18 p.m. Eastern Daylight Time."  In addition, the parties are entitled to present evidence and argument supporting their respective interpretations of the contract, i.e., what the parties agreed.

**Citigroup's Second MIL** (Dkt. No. 285).  Citigroup moves to exclude testimony interpreting the parties' contract from witnesses lacking personal knowledge under Rules 402, 403 and 602.  Citigroup seeks to limit testimony about the meaning and intent of the parties' contract to Messrs. Gagnon and Maturi of Loomis and Mr. Chiomastro of Citigroup, who were the only three individuals involved in the March 18, 2022, communications.  Extrinsic evidence is admissible to resolve the contract's ambiguity.  *See supra* Loomis's Second MIL.  (1) The motion is **DENIED** as to Citigroup's Messrs. O'Connell and Brown, who may testify about their contemporaneous understanding of the meaning and intent of the contract on March 18, 2022, including as reflected in the March 18, 2022, 4:39 p.m. call.  (2) The motion to exclude is **DENIED** as to Loomis's Mr. Hamzaogullari, who may testify about his contemporaneous understanding of the meaning and intent of the contract on March 18, 2022.  (3) The motion to

exclude is **DENIED** as to expert witnesses Mr. Pugliese and Mr. Estella, as discussed in greater detail in the forthcoming Order addressing the parties' *Daubert* motions.

**Citigroup's Third MIL** (Dkt. No. 292). Citigroup moves to preclude testimony from Citigroup employees about NYSE rules, protocol and procedure under Rules 401, 402 and 403. The motion is **GRANTED** in part and **DENIED** in part. The testimony of Messrs. Buckley and Brown is excluded as irrelevant because they had no involvement, direct or indirect, in the trades at issue. The testimony of Mr. O'Connell is permitted, provided Loomis lays the foundation that his knowledge or understanding of such rules played a part in Citigroup's conduct regarding the trades at issue. The testimony of Mr. Chiomastro is permitted regarding rules or procedures relevant to his conduct regarding the trades at issue. Citigroup may request a limiting instruction to address any jury confusion about the relevance of the permitted testimony.

## III. CONCLUSION

The Clerk of Court is respectfully directed to enter on the docket the disposition of these motions as follows:

It is hereby **ORDERED** that:

Loomis's motion to:

(i)    Exclude evidence of Citigroup's compliance with regulatory order handling obligations is **DENIED**.

(ii)    Exclude Loomis's internal communications is **DENIED**;

(iii)    Exclude or limit evidence of Citigroup's Disclosures is **DENIED**, subject to the condition that Citigroup must lay the foundation at trial that Citigroup's procedure was to provide the Disclosures to clients, including when and how it did so;

(iv)    Exclude evidence of non-party Loomis, Sayles & Company, L.P.'s contractual or fiduciary obligations as investment adviser to its clients is **DENIED**;

(v)    Exclude evidence of compensation paid to Mr. Hamzaogullari is **GRANTED** as to the specific amount of his compensation;

(vi)    Exclude evidence of an SEC regulatory inquiry and the outcome of a NYSE investigation is **GRANTED**.

Citigroup's motion to:

(i)    Preclude Loomis from introducing testimony or argument defining the operative contract and instructions for the at-issue trades as anything other than the full set of Bloomberg chats and telephone conversations between Mr. Gagnon and Mr. Maturi of Loomis and Mr. Chiomastro of Citigroup from 2:18 p.m. ET to 3:50 p.m. ET on March 18, 2022, is **DENIED as moot**;

(ii)    Exclude testimony interpreting the parties' contract from witnesses lacking personal knowledge is **DENIED** as to Messrs. O'Connell, Brown and, Hamzaogullari, who may testify about their contemporaneous understanding of the meaning and intent of the contract on March 18, 2022, and **DENIED** as to expert witnesses Messrs. Pugliese and Estella;

(iii)    Preclude testimony from Citigroup employees about NYSE rules, protocol and procedure is **GRANTED** in part as to Messrs. Buckley and Brown, **DENIED** in part as to Mr. O'Connell provided Loomis lays the foundation that his knowledge or understanding of such rules played a part in Citigroup's conduct regarding the trades at issue and **DENIED** in part as to Mr. Chiomastro regarding rules or procedures relevant to his conduct regarding the trades at issue.

It is further **ORDERED** that a party seeking a limiting instruction shall request it from the Court out of the hearing of the jury, close in time to when the instruction should be given. The parties shall confer and attempt to agree on the text of such limiting instructions and shall provide them to the Court in advance to resolve any disputes.

The Clerk of Court is respectfully directed to terminate the motions at Dkt. Nos. 270, 272, 274, 277, 278, 282, 285, 290 and 292.

Dated: March 27, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**