UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                       :
LOOMIS SAYLES TRUST COMPANY, LLC,    :
                                                       :
                                  Plaintiff,       :
             -against-                             :          22 Civ. 6706 (LGS)
                                                       :
CITIGROUP GLOBAL MARKETS INC.,        :          **ORDER**
                                                       :
                                  Defendant.   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, this Order addresses pending motions to seal filed by Plaintiff Loomis Sayles Trust Company, LLC ("Loomis"), Defendant Citigroup Global Markets Inc. ("Citigroup"), non-party Loomis, Sayles & Company, L.P. ("LSLP") and non-party Citadel Securities LLC ("Citadel").

## I.  STANDARD

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first step is to determine whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1]  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

monitoring the federal courts." *Id.* The third step is to balance against the presumption any

"competing considerations" such as "the danger of impairing law enforcement or judicial

efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the

presumption against competing considerations, a court must consider the "qualified First

Amendment right of access" and can seal documents based on this right only "if specific, on the

record findings are made demonstrating that closure is essential to preserve higher values and is

narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of

showing that higher values overcome the presumption of public access." *Under Seal v. Under

Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting

the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, "the privacy interests of those

resisting disclosure" and "of innocent third parties," *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir.

2020), and the confidentiality of sensitive commercial information, *see Ayrton Cap. LLC v.

Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025).

Preserving the secrecy of "specific business information and strategies, which, if revealed, may

provide valuable insights [to competitors]" may override the presumption of public access.

*Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

WHEREAS, the documents at issue here are judicial documents. They fall into two

broad categories: (1) documents submitted in connection with *Daubert* motions and

(2) documents submitted in connection with motions in limine. "Materials submitted in

connection with, and relevant to, discovery motions, motions in limine, and other non-dispositive

motions are subject to a lesser -- but still substantial -- presumption of public access." *Brown v.

Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019); *accord Ayrton Cap. LLC*, 2025 WL 1745680, at *2.

2

While *Daubert* motions and motions in limine, as a practical matter, may be important to the resolution of the case, they are not dispositive and do not "determin[e] litigants' substantive rights -- conduct at the heart of Article III." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

WHEREAS, "[c]ourts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) (collecting cases); *accord Riseandshine Corp. v. PepsiCo Inc.*, No. 21 Civ. 6324, 2024 WL 3290416, at *2 (S.D.N.Y. July 2, 2024).

## II.    DISCUSSION

### A.    Sealing Motions Relating to *Daubert* Motions

WHEREAS, Citigroup requests to file under seal unredacted versions of:  (1) Michael Rutigliano's expert report in connection with Citigroup's motion to exclude Rutigliano; (2) Victor Pugliese's expert report in connection with Citigroup's motion to exclude Pugliese; (3) Citigroup's memorandum of law relating to its motion to exclude Mark Zmijewski; (4) a spreadsheet created by Plaintiff bearing Bates number LSLP -- CITI 0032036 and (5) excerpts of the transcript of the deposition of Aziz Hamzaogullari, taken March 28, 2023.  Citigroup takes no position as to whether these documents qualify for sealing and filed them under seal based on party designations.  Citadel opposes the disclosure of these documents in a separate motion at Dkt. No. 247, and LSLP opposes in separate motions at Dkt. Nos. 249 and 250.

WHEREAS, LSLP moves to file under seal Citigroup's memorandum of law relating to its motion to exclude Zmijewski, a spreadsheet created by Plaintiff bearing Bates number LSLP -- CITI 0032036 and excerpts of the transcript of the deposition of Hamzaogullari, taken March 28, 2023.  These documents appear to contain -- as LSLP asserts -- confidential,

proprietary and competitively sensitive business information regarding investment analysis. Sealing is warranted because LSLP's interest in its commercially sensitive information outweighs the presumption of public access, and sealing is "narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120.

WHEREAS, Loomis seeks to redact certain portions of its opposition to the motion to exclude Zmijewski and excerpts from the transcript of the deposition of Hamzaogullari taken on March 28, 2023, referenced within the motion. The redacted portions of these documents appear to contain Loomis's proprietary business information regarding investment analysis techniques, as Loomis asserts. Redaction is warranted because Loomis's interest in this commercially sensitive information outweighs the presumption of public access, and the proposed redactions are "narrowly tailored" to serve Loomis's interest. *Id.*

WHEREAS, Loomis requests to file under seal portions of: (1) the deposition transcript of Pamela C. Moulton, attached as Exhibit 2 to the Declaration of Matthew C. Baltay filed in connection with Loomis's motion to exclude Moulton and (2) excerpts from the deposition transcript of Moulton, attached as Exhibit 3 to the same declaration. Loomis takes no position as to whether these documents require sealing. Citadel moves to seal these documents in a separate motion at Dkt. No. 247.

WHEREAS, Citadel moves to maintain under seal specific portions of: (1) Moulton's expert report, attached as Exhibit 2 to the Declaration of Baltay filed in connection with Loomis's motion to exclude Moulton; (2) excerpts from Moulton's deposition transcript, attached as Exhibit 3 to the same declaration; (3) Pugliese's expert report, attached as Exhibit A to the Declaration of Michael A. Paskin in connection with Citigroup's motion to exclude Pugliese and (4) extracts from Rutigliano's expert report, attached as Exhibit A to the

Declaration of Paskin in connection with Citigroup's motion to exclude Rutigliano.  These documents appear to contain -- as Citadel asserts -- Citadel's sensitive business information taken from letters Citadel sent confidentially to a self-regulatory agency, in addition to information regarding Citadel's proprietary Designated Market Maker business.  Citadel, as a non-party, has a privacy interest that should be weighed heavily.  *Amodeo*, 71 F.3d at 1050; *accord Lively v. Wayfarer Studios LLC*, No. 24 Civ. 10049, 2026 WL 145483, at *3 (S.D.N.Y. Jan. 20, 2026).  Sealing is warranted because Citadel's interest in its commercially sensitive information outweighs the presumption of public access, and sealing is narrowly tailored to serve that interest.

**B.    Sealing Motions Related to Motions in Limine**

WHEREAS, Citigroup requests to file under seal (1) its memorandum of law in opposition to Loomis's motion in limine to exclude evidence of compensation paid to Hamzaogullari and (2) excerpts of the transcript of the deposition of Hamzaogullari, taken March 28, 2023.  Citigroup takes no position as to whether these documents require sealing. LSLP and Loomis separately move to seal these documents at Dkt. Nos. 335 and 336.

WHEREAS, Loomis and LSLP request to maintain under seal (1) Citigroup's memorandum of law in opposition to Plaintiff's motion in limine to exclude evidence of compensation paid to Hamzaogullari, (2) excerpts of the transcript of the deposition of Hamzaogullari, taken March 28, 2023, attached as Exhibit A to Citigroup's opposition and (3) excerpts of the same deposition attached to Loomis's motion in limine to exclude evidence of compensation paid to Hamzaogullari.  As Loomis argues, Hamzaogullari's personal financial information -- his compensation from Loomis and LSLP -- is protected against the right of public access.  Courts have held that compensation may be shielded from public access.  *See Statoil*

5

*(Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18 Civ. 2392, 2020 WL 3170566, at \*2 (S.D.N.Y. June 15, 2020) (sealing "salary information"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (sealing "sensitive personal information of . . . current employees . . . including . . . compensation"). Redaction is warranted because Hamzaogullari's privacy interest outweighs the presumption of public access, and the redactions are narrowly tailored.

WHEREAS, Loomis moves to file under seal (1) its memorandum of law in support of its motion to exclude evidence of regulatory inquiry and (2) portions of a deposition included as an exhibit to that motion. Loomis argues that this information relates to an ongoing, non-public investigation by a regulatory agency which should be sealed because of law enforcement interests. Law enforcement interests may overcome the right of public access, *Amodeo*, 71 F.3d at 1050, especially where "disclosure of the information . . . would impair the ongoing investigation," *United States v. Park*, 619 F. Supp. 2d 89, 95 (S.D.N.Y. 2009). However, Loomis proposes to redact only the name of the agency that investigated Citigroup. Redacting that information is unwarranted because the information is already public. Citigroup itself has publicly stated at Dkt. No. 338 that the Securities and Exchange Commission investigated Citigroup and that the investigation has concluded.

WHEREAS, Loomis moves to file under seal portions of its opposition to Citigroup's Motion in Limine No. 3 and portions of Exhibits 5 and 6 to the Declaration of Baltay filed in connection with that motion. Loomis takes no position as to whether the documents require sealing and moves to seal only because the documents cite and discuss material that Citigroup designated as "Confidential" pursuant to the Protective Order dated November 21, 2022, at Dkt. No. 40. Sealing is unwarranted because no other party, including Citigroup, has argued to seal

these documents, and "bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten*, 307 F. Supp. 3d at 168-69.

WHEREAS, Citigroup requests to file under seal unredacted versions of its opposition to Loomis's motion in limine to exclude evidence of LSLP's contractual or fiduciary obligations as investment advisor to its clients and exhibits to the related declaration, which are Investment Management Agreements (each, an "IMA") between LSLP and certain of its non-party clients. Citigroup takes no position as to whether these documents should be sealed, but LSLP separately moves to seal the documents at Dkt. No. 334.

WHEREAS, LSLP moves to maintain under seal these documents referenced in Dkt. No. 305. The IMAs appear to contain -- as LSLP asserts -- the identities and investment strategies of uninvolved third parties. Sealing is warranted if it is narrowly tailored to protect that information, and the privacy rights of third parties may overcome the presumption of public access. *See Amodeo*, 71 F.3d at 1050. However, LSLP proposes sealing the entirety of the IMAs, a request that is not narrowly tailored. Additionally, the references to the IMAs in Loomis's related motion in limine do not appear to contain the identities and investment strategies of uninvolved third parties. Accordingly, sealing these documents is unwarranted.

WHEREAS, Loomis requests to file under seal portions of certain documents in connection with its opposition to Citigroup's Motion in Limine No. 2. While Loomis takes no position as to whether these documents require sealing, Citigroup separately moves to seal one of these documents at Dkt. No. 333.

WHEREAS, Citigroup moves to maintain under seal only Exhibit 2 to the declaration filed in connection with Loomis's opposition to Citigroup's Motion in Limine No. 2. Exhibit 2 contains internal Citigroup communications regarding third-party clients. The document appears

7

to contain -- as Citigroup asserts -- confidential, commercially sensitive and identifying information of uninvolved third parties.  However, sealing the entire exhibit is not narrowly tailored to protect that information.  Accordingly, sealing this document is unwarranted.

## III.    CONCLUSION

It is hereby **ORDERED** that for the reasons above, the motions to seal are **GRANTED** in part and **DENIED** in part as follows:

- The motions at Dkt. Nos. 247, 249, 260, 287, 334 and 335 are **GRANTED**.

- The motions at Dkt. Nos. 218, 229, 231, 240, 295, 300, 305, 319 and 328 are **DENIED**.

- The motion at Dkt. No. 334 is **DENIED** as to Dkt. No. 306, which shall be unsealed; and is **DENIED** without prejudice to a further ruling as to the IMAs at Dkt. Nos. 307-1, 307-2 and 307-3, which shall remain sealed, but by **June 24, 2026**, LSLP shall refile the IMAs with proposed redactions that are narrowly tailored to protect the identities and investment strategies of LSLP's non-party clients.

- The motion at Dkt. No. 333 is **DENIED** without prejudice to a further ruling.  Dkt. No. 329-1 shall remain sealed, but by **June 24, 2026**, Citigroup shall refile that exhibit with proposed redactions that are narrowly tailored to protect the confidential, commercially sensitive and identifying information of uninvolved third parties.

*          *          *

The foregoing rulings are for the sole purpose of sealing documents in this case and are not to be construed as making any findings of confidentiality or appropriateness of sealing in any other context.

The Clerk of Court is respectfully directed to:

- Maintain the seal (with access for case participants only) on:  Dkt. Nos. 226, 233, 234, 239, 244, 248, 250, 261, 262, 288, 301, 302-1, 307 (excluding 307-4, which shall be unsealed), 329-1 and 336.

- Lift the seal on:  Dkt. Nos. 297, 298, 302 (excluding 302-1, which shall remain sealed), 306, 307-4, 320, 321 and 329 (including the exhibits, except 329-1, which shall remain sealed).

- Close the motions at:  Dkt. Nos. 218, 229, 231, 240, 247, 248, 249, 250, 260, 287, 295, 300, 305, 319, 328, 333, 334, 335 and 336.

Dated: June 10, 2026
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**